(100 N. W. 1095.)

---

JAMES H. BARNUM v. THE GORHAM LAND COMPANY.

Opinion filed September 10, 1904.

**Action Not Triable De Novo Under Chapter 201, Laws of 1903.**

1. An action at law for the recovery of money, only tried since the taking effect of chapter 201, p. 277, Laws 1903, is not triable in the district court under the provisions of section 5630, Rev. Codes 1899, as amended, and hence cannot be tried de novo on appeal.

>    2. In cases not triable de novo on appeal neither errors of law oc-
>    curring at the trial nor the sufficiency of the evidence to sustain the
>    findings can be considered by the supreme court without specifications
>    of error embodied in a statement of the case.

Appeal from District Court, Traill county; Fisk, Special J.

Action by James H. Barnum against The Gorham Land Company.
Judgment for plaintiff and defendant appeals.

Affirmed.

*Francis B. Hart,* for appellant.
*P. G. Swenson,* for respondent.

ENGERUD, J. Defendant has appealed from a judgment of the dis-
trict court of Traill county. The complaint sets forth a cause of action
on a promissory note made and delivered by the defendant to plain-
tiff, and demands judgment for the amount due on the note. The
answer pleads that the alleged note was executed without considera-
tion, and that the transaction in connection with which the note was
executed in the name of the corporation by its president was ultra
vires of the corporation, and demands judgment that the action
be dismissed on the merits. The issues were submitted to the court
for trial without a jury, a jury being duly waived. The trial was
held on July 24, 1903. After hearing the evidence, the trial court
made its findings of fact and conclusions of law in favor of plaintiff.
Judgment was ordered and entered accordingly for the plaintiff
for the recovery of the sum demanded in the complaint and the
taxable costs and disbursements. A statement of the case was
settled, containing all the evidence offered and all proceedings
had on the trial, and the defendant demands a trial de novo by this
court of the entire case, under section 5630, Rev. Codes 1899,
which demand was duly embodied in the statement. The statement
contains no specifications of error. It is conceded that the findings
of fact support the conclusions of law and judgment, and are within
the issues made by the pleadings. The only points urged by the
appellant for reversal of the judgment are aimed at the alleged
insufficiency of the evidence to warrant the decision of the trial court.

Under this state of the record this court is without power to
review the evidence. The action was tried after chapter 201, p.
277, of the Laws of 1903, was in force. That law modified section
5630, Rev. Codes 1899, by adding the following proviso thereto:

"That the provisions of this section [5630] shall not apply to actions or proceedings properly triable with a jury." The act took effect July 1, 1903. This action was tried July 24, 1903. The action being one at law for the recovery of money only on express contract, is "properly triable with a jury," and clearly comes within the proviso of the amendatory act referred to. Although this action was commenced before the act took effect, yet the trial was held after the law became operative, and pending actions are not excepted from its operation. It is well settled that under such circumstances the new enactment governs the procedure. Sutherland on Stat. Const. section 482. It follows, therefore, that, although this action was tried by the court without a jury, yet it is within the class of actions which the amendment of 1903 excepts from the provisions of section 5630, Rev. Codes 1899. In the class of actions to which the case at bar belongs the only way in which the evidence or rulings of the court at the trial can be presented to this court for review on appeal is by means of a statement of the case containing the specifications prescribed in section 5467, Rev. Codes 1899. Without such specifications the statement must be disregarded. Hostetter v. Elevator Co., 4 N. D. 357, 61 N. W.. 49; Bank v. Bank, 5 N. D. 161, 64 N. W. 941; Schmitz v. Heger, 5 N. D. 165, 64 N. W. 943; Nichols & Shepard Co. v. Stangler, 7 N. D. 102, 72 N. W. 1089; Baumer v. French, 8 N. D. 319, 79 N. W. 340.

As there are no errors apparent on the record without the statement, the judgment must be affirmed. All concur.