JAMES MOORE, EXECUTOR OF THE LAST WILL OF DONALD MC-
FADGEN, DECEASED, V. HERBERT WESTON AND PHEBE E. A.
WESTON.

Opinion filed Oecember 10, 1904.

**Testamentary Disposition of Property Can Be Made Only by Will.**

1. Upon the back of a promissory note payable on demand there
was written an unsigned memorandum to the effect that, if the note
was not paid in full before the payee's death, the makers should ex-
pend the amount due on the note for payee's funeral expenses and for
a monument, and for caring for the lot in which he was buried.
*Held,* that the terms of the memorandum, under the facts of this
case, do not constitute a defense to the note, although complied with
after the payee's death, as such memorandum was a testamentary dis-
position of property, and invalid unless made by will.

**Authority of Agent — Termination by Death.**

2. The defendants were to be made the agents of the payee of
the note to carry out the provisions of the memorandum after his
death, but such agency never became operative, as death terminated
the authority which purported to create it.

Appeal from District Court, Barnes county, *Winchester,* Special J.

Action by James Moore, executor of Donald McFadgen, against
Herbert Weston and Phebe E. A. Weston. Judgment for plaintiff.
Defendants appeal.

Affirmed.

*Young & Wright,* for appellants.

One seeking to recover upon an express contract must plead
all of its terms, and if any appear on the face to defeat plaintiff's
right to recovery he must plead the facts that take the contract
out of the exception. Bliss on Code Pleading, 202; 4 Enc. Pl.
& Pr. 919.

It was error to admit the note in suit over objection with the
defeating condition thereon. It was error to refuse the admission
of the inscription on the back of the note. Blake v. Coleman, 22
Wis. 396; Wait v. Pomeroy, 20 Mich: 425, 4 Am. Rep. 395; Franklin
Savings Institution v. Reed, 125 Mass. 365; Selover Negotiable
Instruments Law, section 93.

A note made payable after the payee's death is not testamentary in
character and is enforceable. Miller v. Western College of Toledo,
52 N. E. 432, 69 Am. St. Rep. 242; Carnwright v. Gray, 127 N. Y.
92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep.. 424; Krell v.
Codman, 14 L. R. A. 860; Perry v. Cross, 132 Mass. 454.

*Winterer & Winterer,* for respondent

The stipulation or indorsement is absolutely void as being an attempt to dispose of the proceeds of a note after the death of the payee and being revocable and testamentary in its character. Schuyler on Wills, section 274; Jarman on Wills, 26; Hunt v. Hunt, 4 N. H. 434, 17 Am. Dec. 438; Priester v. Holeck, 75 N. Y. S. 405; Crispin, Adm'x, v. Winkleman, 10 N. W. 919; Knight v. Tripp, 54 Pac. 267; Comer v. Comer, 11 N. E. 848; Roberts v. Coleman, 16 S. E. 482; Tuttle v. Raish, 90 N. W. 66.

MORGAN, C. J.   Action upon a promissory note.   On the back of the note was written the following unsigned memorandum, viz.: "It is hereby stipulated if this note is not paid in full before the death of the owner; then the makers of this note shall first pay all funeral expenses, the balance to be used for a monument and otherwise caring for the lot, which shall discharge the full indebtedness of this note."   The executor of the estate of Donald McFadgen, the payee, brings the action on the note, and pleads the note as the cause of action, and entirely disregards the memorandum as a part of the note.   Defendants answer, and plead the memorandum written on the note as a defense, and allege that the note has been entirely paid by them by complying with the terms of the memorandum. The trial court refused to admit the memorandum in evidence, and refused to admit any evidence in regard to it, and directed a verdict for the plaintiff for the full amount due on the note as shown by its face.   A motion for a new trial was made, based upon a settled statement of the case, and the motion was denied.   The appeal is from the judgment entered on the verdict.   The ground urged for a reversal of the judgment is that full effect should have been given to the memorandum written on the back of the note. It is claimed that this memorandum should be considered as a part of the note, and, if so considered, a valid contract was entered into between the parties, under which no recovery can be had on the contract unless the makers have failed to expend the proceeds of the note, as directed by the payee, in case of his death before the note was paid.   Conceding, for the purposes of this case only, that the memorandum is to be considered as incorporated into the terms of the note, and was written there when the note was signed, we are unable to reach the conclusion that the memorandum can be enforced under the circumstances of this case.   The note was payable on demand.   It was the property of the payee when he died

on January 25, 1903, about six weeks after the note was given. It was under his control, and could have been disposed of by him at any time up to his death. He had made no absolute disposition or application of the debt evidenced by the note during his lifetime for the purpose indicated by the memorandum. The title to the note was in him at all times. There has been no delivery of the money represented by the note for the purpose shown by the memorandum. Primarily, the money was given to the makers as a loan to be paid on demand. The makers were constituted the payee's agents to expend the money, for the purposes shown by the memorandum upon his death. The agency was not to go into effect until his death, but by his death the authority terminated. The memorandum therefore was an attempt to dispose of his property upon his death without the formality of a will. It was not effectual for that purpose. If there had been an irrevocable delivery of the money for the purpose named in the memorandum, a different question would be before us. But he controlled this property during his lifetime, and the law took hold of it for the purposes of administration upon his death. The estate cannot be administered by an agent appointed in this manner. The attempted appointment of an agent became nugatory upon the death of the principal. No valid agency was created. "We think it may be declared a general rule that, if the intended disposition of property be of a testamentary character, not to take effect in the testator's lifetime, such disposition will be inoperative, unless declared in writing in conformity with the statute relating to wills." Comer v. Comer (Ill.) 11 N. E. 848. "She did not, by this act, make a gift of the money to the defendant, but constituted him her agent to make the payments for the purpose and to the persons named in the memorandum, in the event of [her] death; and only after the 'instructions' thus given by her had been carried out was any property remaining to belong to the defendant. Such disposition of her estate was testamentary, and could not be made orally. The defendant was merely her agent to carry out her instructions, and upon her death his agency terminated, and the money remained a part of her estate, subject to administration." Knight v. Tripp (Cal.) 54 Pac. 267. See, also, Perry on Trusts, section 92; Hart v. Ketchum (Cal.) 53 Pac. 931; Crispin v. Winkleham (Iowa) 10 N. W. 919.

The judgment is affirmed. All concur.