(107 N. W. 968.)

---

G. H. LAFFY v. FRED GORDON.

Opinion filed May 8, 1906.

**Appeal — Trial De Novo.**

    1. When an action involving both legal and equitable issues, which ought to be separately tried and determined, is tried to the court, all the issues being tried together, and a single judgment rendered, disposing of all the issues, the case is not triable de novo on appeal, under section 5630, Rev. Codes 1899, as amended in 1903 (Laws 1903, page 277, chapter 201). Cotton v. Butterfield (N. D.) 105 N. W. 236, distinguished.

**Same — Case Triable by Jury.**

2. In such an action wherein the determination of the equitable counterclaim does not conclude all issues on the law side of the case, and the equitable and legal issues are tried together, the case is one "properly triable with a jury," within the meaning of the proviso added to section 5630, Rev. Codes of 1899, by chapter 201, page 277, Laws of 1903, which withdraws such cases from the operation of section 5630.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by G. H. Laffy against Fred Gordon. Judgment for defendant and plaintiff appeals.

Affirmed.

*Thomas H. Pugh,* for appellant.

*Chas. F. Templeton,* for respondent.

ENGERUD, J. The complaint alleges four causes of action at law to recover damages for breach of contract made by defendant to and with the plaintiff. The answer, puts in issue the alleged breaches as well as the damages claimed. The defendant also pleads certain legal counterclaims for damages by reason of alleged breaches of contract on plaintiff's part. The answer further sets up an equitable counterclaim in the nature of a bill in equity for the reformation of the written contract pleaded in the complaint; it being averred by defendant that said contract by reason of mutual mistake of the parties did not correctly state the real agreement. All the issues, both legal and equitable, were submitted to the district court for trial without a jury. The equitable issues were not separated from the legal ones for purposes of trial, but the entire case was tried, and the evidence introduced as if the issues were all of the same nature. The trial court held that the contract should be reformed, that plaintiff was entitled to no relief, and that defendant was entitled to a recovery of damages on one of his legal counterclaims. Judgment was duly entered accordingly. Plaintiff appealed from the judgment.

A statement of the case was settled containing all the evidence offered, and specifying that the appellant desired a new trial of all the issues as provided by section 5630, Rev. Codes 1899. The statement contains no specification of errors of law, or of insufficiency of evidence to justify the decision. Since the amendment in 1903 of section 5630, a case tried by the court without a jury is

not triable anew in this court if it was "properly triable with a jury" in the court below. Barnum v. Gorham Land Co., 13 N. D. 359, 100 N. W. 1079. The only part of this case properly triable without a jury consisted of the issues arising in the equitable counterclaim. All the other issues were legal, and were triable by a jury. The equitable counterclaim should have been first tried separately from the other issues and disposed of by a decree. Cotton v. Butterfield (decided last term) 105 N. W. 236. In the case just cited we were able to try the case anew, because, notwithstanding the irregular practice pursued, the pleadings disclosed that the determination of equitable counterclaim was conclusive of all the issues tendered by the cause of action at law alleged in the complaint, and the trial of the equity side of the case left nothing more to litigate. In this case, however, the trial of the equitable issues does not conclude all the legal issues. Inasmuch as the parties saw fit to try both the legal and equitable issues together, it is clear that the case was one "properly triable with a jury." We have, consequently, no jurisdiction to try the case anew on the evidence; and as the statement of the case contains no specifications of error, it must be disregarded. Barnum v. Gorham Land Co., supra. It is conceded that the conclusions of law and judgment are supported by and are in accord with the findings of fact.

The judgment is affirmed. All concur.