## A. A. NOVAK, Administrator of the Estate of Barbara Mikesh, v. J. H. LOVIN and Mary Lovin.

(157 N. W. 297.)

**Action — triable by jury — jury waived — tried to court — supreme court — trial de novo — not permitted.**

1. A trial *de novo* cannot be had in the supreme court in an action properly triable to a jury, even though a jury was waived and the cause tried to the court.

**Promissory notes — action on — by administrator — contract — not testamentary — defense — signature — genuineness,**

2. In an action by an administrator to recover on certain promissory notes executed and delivered to the intestate by defendants, the defense was that the notes were given pursuant to the terms of the following written instrument:

Voss, N. D., Dec. 22, 1897.

I, Barbara Mikesh, being desirous of placing some moneys with my daughter and son-in-law, Mary E. and J. H. Lovin, which I wish to save for my declining years, I agree to place said moneys with them on the following conditions: That I accept such note or notes for said moneys and such rate of interest as the said Mary E. and J. H. Lovin see fit to give me, and further that said note or notes to be hereafter given for said moneys shall be non-transferable and shall be payable to no one but myself, and that in case I should die while said notes are in force they shall at once become null and void and not collectable.

(Signed)  Barbara Mikesh.

*Held*, for reasons stated, that such instrument is not testamentary in character, and if the signature thereto is genuine the defense relied on is complete. Moore v. Weston, 13 N. D. 574, is referred to and distinguished from the case at bar.

**Signature — forgery — contract — findings — remanding  cause — new  trial — issues.**

3. No finding having been made upon the controlling issue as to the alleged forgery of the payee's signature to such instrument, the cause is remanded for a new trial on that issue.

Opinion filed March 17, 1916.

Note.—Generally on what constitutes testamentary writings, see note in 89 Am. St. Rep. 486.

Appeal from District Court of Stark County, *Crawford,* J.

From a judgment in plaintiff's favor, defendants appeal.

Reversed and new trial ordered.

*L. A. Simpson,* for appellant.

The fact that defendants in their answer did not assert the invalidity of the note because of its execution and delivery on a legal holiday does not preclude them from availing themselves of such defense. Jacobson v. Bentzler, 127 Wis. 566, 4 L.R.A.(N.S.) 1151, 115 Am. St. Rep. 1052, 107 N. W. 7, 7 Ann. Cas. 633.

A loan of money on Sunday is void, and not subject to a ratification on a subsequent day. A promissory note bearing the date of a secular day, but in fact made and delivered on Sunday, is invalid as between the parties. Cook v. Forker, 193 Pa. 461, 74 Am. St. Rep. 699, 44 Atl. 560; Cranson v. Goss, 107 Mass. 439, 9 Am. Rep. 45; Thompson v. Williams, 58 N. H. 248; Rosenbaum v. Hayes, 10 N. D. 311, 86 N. W. 973; Troewert v. Decker, 51 Wis. 46, 37 Am. Rep. 808, 8 N. W. 26; Pearson v. Kelly, 122 Wis. 660, 100 N. W. 1064; Terry v. Platt, 1 Penn. (Del.) 185, 40 Atl. 243; Finn v. Donahue, 35 Conn. 216; Meader v. White, 66 Me. 90, 22 Am. Rep. 551; Tamplin v. Still, 77 Ala. 374; Block v. McMurry, 56 Miss. 217, 31 Am. Rep. 357; Crocket v. Vanderveer, 3 N. J. L. 856; International Textbook Co. v. Ohl, 150 Mich. 131, 13 L.R.A.(N.S.) 1157, 121 Am. St. Rep. 612, 111 N. W. 768; Parker v. Pitts, 73 Ind. 597, 38 Am. Rep. 155; Moseley v. Hatch, 108 Mass. 517; O'Donnell v. Sweeney, 5 Ala. 467, 39 Am. Dec. 336; Hill v. Wilker, 41 Ga. 449, 5 Am. Rep. 540; Adams v. Hamell, 2 Dougl. (Mich.) 73, 43 Am. Dec. 455; Moore v. Weston, 13 N. D. 574, 102 N. W. 163; Bedford v. Chandler (Perrin v. Chandler) 81 Vt. 270, 17 L.R.A.(N.S.) 1239, 130 Am. St. Rep. 1057, 69 Atl. 874; Blanchard v. Sheldon, 43 Vt. 512; Hackett v. Moxley, 65 Vt. 71, 25 Atl. 898; Green v. Tulane, 52 N. J. Eq. 169, 28 Atl. 9; Sebrell v. Couch, 55 Ind. 122.

The note became void in any event, upon the death of the payee. Hinkle v. Landis, 131 Pa. 573, 18 Atl. 941; McGlasson v. McGlasson, 22 Ky. L. Rep. 1843, 56 S. W. 510.

This was not a testamentary contract or document. The money was and became a gift. Beatty v. Western College (Miller v. Western College) 177 Ill. 280, 42 L.R.A. 797, 69 Am. St. Rep. 242, 52 N. E.

432; Doty v. Willson, 47 N. Y. 580; Re Hicks, 14 N. Y. S. R. 320; Martin v. Funk, 75 N. Y. 134, 31 Am. Rep. 446.

It is clear that the intention of the deceased was to make an absolute gift. M'Kane v. Bonner, 1 Bail. L. 113; Barringer v. Bes Line Constr. Co. 23 Okla. 131, 21 L.R.A. (N.S.) 597, 99 Pac. 775; Tabler v. Sheffield Land, Iron & Coal Co. 79 Ala. 377, 58 Am. Rep. 593; Young's Estate, 148 Pa. 573, 24 Atl. 124; Sunday's Estate, 167 Pa. 30, 31 Atl. 353; Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Kragnes v. Kragnes, 125 Minn. 115, 145 N. W. 785; Thomas v. Page, 3 McLean, 167, Fed. Cas. No. 13,906; Jilson v. Gilbert, 26 Wis. 637, 7 Am. Rep. 100; Peabody v. Peabody, 59 Ind. 556; Kytle v. Kytle, 128 Ga. 387, 57 S. E. 748; Boblett v. Barlow, 26 Ky. L. Rep. 1076, 83 S. W. 145.

The agreement and the notes were but one contract. Tranter v. Hibbard, 108 Ky. 265, 56 S. W. 169; Graham v. Alexander, 123 Mich. 168, 81 N. W. 1084; Specht v. Beindorf, 56 Neb. 553, 42 L.R.A. 429, 76 N. W. 1059.

This contract was to "pay to the payee" and to no other person, and if the payee did not elect to enforce the same during her lifetime, it was to become void. The payee did not demand payment, nor did she ever try to enforce payment, and the notes are void, just as she said in her contract they should be. Martin v. Monroe, 107 Ga. 330, 33 S. E. 62; Herrick v. Edwards, 106 Mo. App. 633, 81 S. W. 466; Oldenburg v. Baird, 26 Ind. App. 379, 58 N. E. 1073.

The fact that the donor retains the interest and income from the gift during her lifetime in no way invalidates the other gift. Gifts may be acceptable with any condition. 14 Am. & Eng. Enc. Law, 1044; Blake v. Coleman, 22 Wis. 415, 99 Am. Dec. 53; Barnard v. Cushing, 4 Met. 230, 38 Am. Dec. 362.

*T. F. Murtha* (and *John H. Fraine, Goheen & Goheen,* of counsel), for respondent.

Private business may be legally done on a legal holiday. 21 Cyc. 441.

The validity of a promissory note in such instance is determined by its *delivery,* and not by the date of its signing. Comp. Laws 1913, § 7938, subdiv. 10.

A note made on Sunday and delivered on a subsequent secular day

is valid. 2 Parsons, Contr. 905; King v. Graef, 136 Wis. 548, 20 L.R.A.(N.S.) 86, 128 Am. St. Rep. 1101, 117 N. W. 1058; 37 Cyc. 563; 7 Cyc. 686; Beman v. Wessels, 53 Mich. 549, 19 N. W. 179; Conrad v. Kinzie, 105 Ind. 281, 4 N. E. 863; Bell v. Mahin, 69 Iowa, 408, 29 N. W. 331; Barger v. Farnham, 130 Mich. 487, 90 N. W. 281.

It will be conclusively presumed that the court made such findings of fact as are necessary to support the conclusions of law and the judgment. 1 Sutherland, Pl. §§ 1180–1192.

There was no gift of money to the defendants. The money remained the property of the deceased during her lifetime. She attempts to give this money to them after her death. This cannot be done without the formalities of the law required. Comp. Laws 1913, § 5649; 40 Cyc. 1084, 1089; Moore v. Weston, 13 N. D. 574, 102 N. W. 163; Tuttle v. Raish, 116 Iowa, 331, 90 N. W. 66; Perry, Trusts, § 92; Leaver v. Gauss, 62 Iowa, 314, 17 N. W. 522; Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673; Fitzgerald v. English, 73 Minn. 266, 76 N. W. 27; Burlington University v. Barrett, 22 Iowa, 60, 92 Am. Dec. 376; Saunders v. Saunders, 115 Iowa, 278, 88 N. W. 330; Ferris v. Neville, 127 Mich. 444, 54 L.R.A. 464, 89 Am. St. Rep. 480, 86 N. W. 960; Clay v. Layton, 134 Mich. 317, 96 N. W. 458; Ogle's Estate, 97 Wis. 56, 72 N. W. 389; Re Lautenshlager, 80 Mich. 285, 45 N. W. 147; McKinnon v. McKinnon, 46 Fed. 722, 5 C. C. A. 530, 14 U. S. App. 433, 56 Fed. 412; Bowdoin College v. Merritt, 75 Fed. 483; Foxworthy v. Adams, 136 Ky. 403, 27 L.R.A.(N.S.) 308, 124 S. W. 381, Ann. Cas. 1912A, 327; Stark v. Kelley, 132 Ky. 376, 113 S. W. 498.

To constitute a gift *inter vivos*, the property must be delivered absolutely and the gift must go into effect at once, and where future control over the property remains in the donor until his death, there is no valid gift *inter vivos*. Foxworthy v. Adams, 136 Ky. 403, 27 L.R.A. (N.S.) 308, 124 S. W. 381, Ann. Cas. 1912A, 327; Re Acken, 144 Iowa, 519, 123 N. W. 187, Ann. Cas. 1912A, 1173.

The notes are collectable by the administrator notwithstanding the restriction on transfer. Such restriction merely destroys the negotiability of the notes, but does not prevent an assignment. Butler v. Rockwell, 14 Colo. 125, 23 Pac. 462; Wagner v. Cheney, 16 Neb. 202, 20

N. W. 222; Johnson v. Eklund, 72 Minn. 195, 75 N. W. 14; Shively v. Semi-Tropic Land & Water Co. 99 Cal. 259, 33 Pac. 848; School Dist. v. Whalen, 17 Mont. 1, 41 Pac. 849; 39 Cyc. 1675 (b), (c); Comp. Laws 1913, § 5784; 2 Parsons, Contr. 7th ed. 662; 18 Cyc. 874, 875; Barringer v. Bes Line Constr. Co. 23 Okla. 131, 21 L.R.A. (N.S.) 597, 99 Pac. 775.

Fisk, Ch. J.   Plaintiff. as administrator of the estate of one Barbara Mikesh sues to recover the sum of $800 and interest on two promissory notes of $400 each, executed and delivered to the intestate by the defendants, who are her son-in-law and daughter.   The first note is dated at Voss, North Dakota, on January 1, 1898, payable to the order of intestate on January 1, 1900, with interest from date at 8 per cent per annum.   The other is dated at Voss, North Dakota, on January 20, 1903, and payable to the order of intestate one year after date, with interest at 6 per cent per annum after maturity.   The first has these words indorsed thereon: "This note is non-negotiable," and the latter bears the following indorsement: "This note is not negotiable or assignable, and will be paid to the person named thereon only."   The answer puts in issue all the allegations of the complaint, and by way of new matter defendants allege that prior to the execution of either of the notes the intestate executed and delivered to defendants the following instrument, being exhibit "A:"

Voss, N. D., Dec. 22, 1897.

I, Barbara Mikesh, being desirous of placing some moneys with my daughter and son-in-law, Mary E. and J. H. Lovin, which I wish to save for my declining years, I agree to place said moneys with them on the following conditions:   That I accept such note or notes for said moneys and such rate of interest as the said Mary E. and J. H. Lovin see fit to give me, and further that said note or notes to be hereafter given for said moneys shall be nontransferable and shall be payable to no one but myself, and that in case I should die while said notes are in force they shall at once become null and void and not collectable.

(Signed)   Barbara Mikesh.

In brief, it is the principal theory of the defense that the considera-

tion for both notes was advanced by Barbara Mikesh pursuant to the provisions of exhibit "A," and not otherwise; and that such instrument is valid and operated in law to relieve them of all liability on such notes from and after the demise of the payee. On the other hand, plaintiff's contention is that the signature to exhibit "A" is a forgery, and that in any event the instrument is testamentary in character and void because not executed with the formalities required of wills, there being no subscribing witnesses and no acknowledgment as required by § 5649, Compiled Laws. A jury was waived, and at the conclusion of the trial the lower court made findings and conclusions favorable to plaintiff, holding, among other things, that the instrument aforesaid which purports to bear the signature of Barbara Mikesh is testamentary in character and void because not executed as required by the statute above cited. No finding was made in the court below on the issue of alleged forgery of the signature of deceased.

From the judgment entered in plaintiff's favor, defendants have appealed, specifying in a general way certain errors and also specifying that they desire a review of the entire case in the supreme court. Of course the latter specification cannot be entertained in a case of this nature, it being properly a jury, and not a law, case. Hence a trial *de novo* cannot be had in this court. The statute is plain to this effect, and the question is also firmly settled by this court in numerous cases. See Comp. Laws 1913, § 7846; Laffy v. Gordon, 15 N. D. 282, 107 N. W. 969. While, as above stated, the so-called specifications of error are very general, we shall nevertheless treat them as sufficient to raise the question as to the correctness of the conclusions of law from the facts as found.

For the purposes of this appeal we shall assume that the trial court arrived at its conclusion solely on the ground that exhibit "A," bearing the purported signature of Barbara Mikesh, is void for the reasons given, there being no finding either way upon the issue as to the alleged forgery of the signature thereto. Should we reach a conclusion contrary to that of the learned trial court on such a question of law, it will be necessary to remand the cause for a determination of the issue left undecided. In other words, as to such issue a mistrial took place below, and this court is powerless to sit as a court of original jurisdiction to decide such issue. If, on the other hand, we reach the same

conclusion as did the lower court on the law, a decision of such issue of fact becomes immaterial. With this statement we proceed to decide what we deem the controlling question before us, which is the legal force and validity of the instrument, exhibit "A" aforesaid. Is such exhibit testamentary in character?

The intestate loaned the moneys to defendants, taking their promise to repay the same together with certain interest thereon. Clearly, if the intestate executed exhibit "A," she had in mind an intent to retain the right to collect the notes, with interest, for her use and benefit during her declining years. In fact she so expresses her intent in explicit language. This negatives an intent to make a present unqualified gift to defendants. She evidently intended to reserve the right to collect such notes whenever she was in need of money. To this extent, at least, we fully concur in the views of respondent's counsel. But we are unable to concur with them in their statement that "the *money* remained the property of the deceased during her lifetime. She attempts to give *this* money to the defendants after death." When she loaned the money to defendants she parted with the title thereto, and it became their property, and they had a right to do with it as they saw fit. It was not a special deposit for safe-keeping, for defendants were given the use of it for a consideration, viz., the promise to pay interest thereon, and to repay the amount of the principal upon a contingency, or upon condition. The respondents' counsel cite numerous authorities in support of their contention that exhibit "A" is testamentary in character, and among others they say that Moore v. Weston, 13 N. D. 574, 102 N. W. 163, is directly in point and controlling, and they quote from the opinion as follows: "Upon the back of a promissory note payable on demand, there was written an unsigned memorandum to the effect that, if the note was not paid in full before payee's death, the makers should expend the amount due on the note for payee's funeral expenses and for a monument and for caring for the lot in which he was buried. Held, that the terms of the memorandum, under the facts of this case, do not constitute a defense to the note, although complied with after the payee's death, and such memorandum was a testamentary disposition of property and invalid unless made by will."

"If there had been an irrevocable delivery of the money for the purpose named in the memorandum, a different question would be before

us.  But he controlled this property during his lifetime, and the law took hold of it for the purposes of administration upon his death. The estate cannot be administered by an agent appointed in this manner. . . . 'We think it may be declared a general rule that, if the intended disposition of property be of a testamentary character, not to take effect in the testator's lifetime, such disposition will be inoperative, unless declared in writing in conformity with the statute relating to wills.' "  Ibid.

"He had made no absolute disposition . . . of the debt evidenced by the note during his lifetime for the purpose indicated by the memorandum.  The title to the note was in him at all times."

We think there is a clear distinction between the case at bar and Moore v. Weston.  In the latter case the payee of the note attempted to direct how the balance due on the note at the time of his death should be expended.  In other words he attempted to control the disposition of that portion of his estate after his demise; while in the case at bar the clear intention of the intestate was to exonerate the makers of the notes from all liability for any sum unpaid at the date of her demise. She did not intend, in other words, that the defendants' obligations on the notes should survive after her death.  On the contrary she intended that the notes should have no post mortem effect or validity.

The question for decision, therefore, is whether such intent can be given effect.  We think this question should be answered in the affirmative.  We fail to see, for reasons already given, how exhibit "A" can be construed as testamentary in its nature.  The authorities which seem to be in any way in point support our view.  Bedford v. Chandler (Perrin v. Chandler) 81 Vt. 270, 17 L.R.A.(N.S.) 1239, 130 Am. St. Rep. 1057, 69 Atl. 874; Blanchard v. Sheldon, 43 Vt. 512; Hackett v. Moxley, 65 Vt. 71, 25 Atl. 898; Green v. Tulane, 52 N. J. Eq. 169, 28 Atl. 9; Sebrell v. Couch, 55 Ind. 122; Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Carnwright v. Gray, 127 N. Y. 92, 12 L.R.A. 845, 24 Am. St. Rep. 424, 27 N. E. 835.

According to the rule announced by these authorities and which meets with our full approval, the intestate, at the time she turned over these moneys to defendants in exchange for their limited promise of payment of the notes given therefor, must be held to have made a present executed gift to them of so much of the moneys as she should

not collect in her lifetime; that the title thereto passed at once to the defendants, subject only to a right of defeasance in her, which right terminated at her death, and that the reservation of such right of defeasance did not invalidate such gifts.   See, as also supporting our views:   Hinkle v. Landis, 131 Pa. 573, 18 Atl. 941; McGlasson v. McGlasson, 22 Ky. L. Rep. 1843, 56 S. W. 510.

It follows that the judgment must be reversed and the cause remanded for a new trial to the end that the issue of fact as to the alleged forgery of intestate's signature to exhibit "A" may be tried and decided in the District Court.   It is so ordered.