J. V. McCORMICK, Trustee of the Estate of Max Schultze, a bankrupt, Appellant, v. THE UNION FARMERS STATE BANK of New Salem, N. Dak., a corporation and THE FARMERS & MER-CHANTS STATE BANK of New Salem, N. Dak., a corporation, Respondents.

(187 N. W. 421)

**Appeal and error — action to declare a payment a preference under the bankruptcy law is not triable de novo on appeal.**

1. An action, instituted for purposes of declaring a deposit or payment of moneys to constitute a preference pursuant to the Federal Bankruptcy Act, and, as such, tried in the District Court without a jury, is not triable, upon appeal, de novo in the Supreme Court.

**Appeal and error — on appeal from judgment as to preference under Bankruptcy Act, the findings are presumed correct.**

2. In such action, the findings of the trial court are presumed to be correct unless clearly opposed to the preponderance of the evidence.

**Appeal and error — appellant may not complain of failure to make findings on alleged cause of action, not separately alleged and not supported by evidence.**

3. For reasons stated in the opinion, it is *held*, that the trial court did not commit error in its findings and conclusions.

Opinion filed March 6th, 1922

Action in District court, Morton county, *Pugh*, J. Plaintiff has appealed from a judgment and has demanded a trial de novo.

Affirmed.

*Norton & Kelsch,* for appellant.

"The law provides that in order that a payment shall be voidable as a preference, it is necessary that a creditor should have been insolvent at the time it was made." 7 C. J. Bankruptcy, p. 150, § 247, and authorities cited.

"The Courts have held that the petition filed is competent evidence to prove the insolvency of the bankrupt at any time within the four months to the filing thereof." Utah Credit Association v. Boyle Furniture Co. 26 Am. Bank. Rep. 867.

*Newton, Dullam & Young,* for respondents.

"To establish a voidable preference or a fraudulent conveyance it is necessary that the debtor shall have transferred to a creditor some portion of his own property. This is elementary of course, and is laid down in § 266, 7 C. J. 165 cited by plaintiff's counsel." Newport Nat'l Bank v. National Herkimer County Bank, 255 U. S. 178, 56 L. ed. 1042; Goode v. Elwood Lodge, 160 Ind. 251, 66 N. E. 742; Aiello v. Crampton, 120 C. C. A. 189, 201 Fed. 891.

In the last case the following is quoted with approval:

"The one thing absolutely essential to a preference is that the bankrupt transfers some portion of his property to the creditor. If the creditor received none of the bankrupt's property there is no preference."

The question arises: What constitutes reasonable cause to believe that a preference would be effected? It must be positive evidence. Language of the same import has been most clearly discussed in. Grant v. National Bank, 97 U. S. 80, 81, 24 L. ed. 971.

Whether such 'reasonable cause to believe' existed is a question of fact and the burden of proof is upon the trustee. Pyle v. Texas Transportation & Terminal Co., 238 U. S. 90; 59 L. ed. 1215,

There must be an actual intent to hinder, delay and defraud unlawfully and not merely an intent to prevent from collecting claims. Collier Bankruptcy, 8 ed. p. 776; Coder v. Arts, 82 C. C. A. 91-95.

And in Sargent v. Blake, 87 C. C. A. 213, 217, Judge Sanborn says:

"It is every intent to hinder, delay and defraud creditors unlawfully only, not every intent to hinder or delay them in collecting or prevent them from collecting their claims, that avails to avoid a transfer under that section."

## Statement.

BRONSON, J. On January 23, 1918, Max Schultze filed a voluntary petition in bankruptcy. Prior thereto, on October 23, 1917, he and one Goeschel had made a written agreement, which provides that the balance due upon the purchase price of two sections of land in Montana, namely, $2,050, should be deposited in the First National Bank of New Salem, now reorganized as the defendant bank, that $400 out of such deposit should be paid to one Pierson, and the remainder to the intervener herein dependent upon the determination of litigation, then pending in Montana, concerning the lands. The First National Bank of New Salem accepted the terms of the deposit; the amount of such deposit was paid by Goeschel into the bank. The plaintiff is the trustee of the bankrupt's estate. He instituted this action against the depositary bank. His complaint alleges that such deposit constitutes a preference under the terms of the Bankruptcy Act (U. S. Comp. St. §§ 9585—9656), and was made for the purposes of hindering, delaying, and defrauding the bankrupt's creditors. The trustee seeks to recover the amount of the deposit. The defendant, in its answer, requests permission to pay the money into court for disposition under the court's order. The parties stipulated that the Farmers' & Merchants' State Bank might intervene and defend in this action. For its complaint in intervention the intervener asserts that the deposit so made was not the property of the bankrupt, but that of his son. It denies the allegations of the complaint concerning the creation of a preference and a deposit made to defraud creditors. The action was tried to the court without a jury. The

bankrupt testified that Goeschel was not indebted to him on October 23, 1917; that prior to that time he had transferred two sections of Montana land (sections 10 and 11) to Goeschel; that he had owned section 11, and his wife section 10; his son, Fred, had owned section 34. Goeschel desired two sections together. His son, Fred, had agreed to transfer section 34 to his mother and to receive therefor the deposit of $2,050. The bankrupt had contemplated paying some of this deposit money on his son's note, upon which he was surety, at another bank, but such bank did not accept the offer, and accordingly he made this agreement of deposit acting as agent for his son. The bankrupt then owed the intervener an amount, unsecured, considerably in excess of $1,650. He made this arrangement to pay $400 to Pierson which was for attorney's fees, for services rendered and to be rendered in a Montana litigation; also the arrangement to pay the intervener, upon an understanding with his son that he would pay him later out of his own property, to take care of the note that he had signed at the other bank with his son. The son, as a witness, testified similarly concerning the transaction, and that his father acted as his agent with his consent. The trustee testified that the assets of the bankrupt had been converted into cash excepting a section of land in Montana; that such assets were insufficient, in any event, to pay the creditors an amount exceeding 10 per cent. of their claims. The cashier of the intervener testified that the bank had an unsecured note for about $2,000 against the bankrupt. He knew something about the property of the bankrupt; he knew that he was hardpressed for money and unable to pay the bank; that the bank had renewed Schultze's notes from year to year and had not pressed him for money. It was stipulated that the deposit still remains in the depositary bank. It appears from the schedules of the bankrupt that there was listed a secured indebtedness amounting to $1,894.71 owing intervener; also, an unsecured claim of $1,500 and one of $120, evidenced by notes not signed by the bankrupt, but upon which the bankrupt assigned a partnership obligation owing the intervener. It also appears, from a certified copy of a judgment rendered in Montana, that the trustee herein was entitled to a conveyance of section 34 upon the ground that the wife of the bankrupt held such land in trust for him.

The trial court found that the litigation in Montana resulted in a determination that Goeschel was the owner of the land; that the intervener did not have knowledge of the insolvency of the bankrupt when

the agreement was executed, nor of facts relative thereto so as to afford
reasonable grounds of belief that the deposit would constitute a pref-
erence; further, that the preponderance of the evidence does not show
that the money deposited was the property of the bankrupt, nor that the
bankrupt's estate was diminished by the deposit. The trial court deter-
mined that no preference was created, and that the intervener was
entitled to the benefit of such deposit. Judgment was entered according-
ly. The plaintiff has appealed from such judgment. The plaintiff
demands an entire review and trial de novo of the action. He contends
that the trial court erred in finding that the intervener did not possess
knowledge of the bankrupt's insolvency and of such facts   relative
thereto so as to afford reasonable grounds of belief that the payment
of the deposit would create a preference; also in its findings that the
evidence does not establish the deposit to be the property of the bank-
rupt, and that the bankrupt's estate was not diminished by such deposit;
further, that the trial court erred in concluding, upon the evidence, that
a preference was not created, and in failing to make findings and con-
clusions upon the issue presented that the deposit was made for the
purpose of cheating and defrauding the bankrupt's creditors.

## Decision.

Plaintiff's cause of action is founded upon the provisions of the
federal Bankruptcy Act concerning the creation of a preference (7 C. J.
148), and concerning transfers made for the purpose of hindering or
defrauding creditors   (7 C. J. 170). Such cause of action presents
questions of fact for determination by a jury. The plaintiff, in his
prayer for relief, seeks a money judgment against the defendant and
intervener. This cause of action sounds in law and not in equity. Ac-
cordingly this court, upon appeal from the judgment concerning such
cause of action, does not try the action de novo. The so-termed New-
man Act, as heretofore existing or as now amended, does not apply.
Section 7846, C. L. 1913; chap. 8, Laws 1919; Novak v. Lovin, 33 N.
D. 424, 157 N. W. 297; St. A. & Dak. Elev. Co. v. Martineau, 30 N.
D. 425, 153 N. W. 416; Barnum v. Land Co., 13 N. D. 359, 100 N.
W. 1079; Laffy v. Gordon, 15 N. D. 282, 107 N. W. 969.

The appeal, therefore, is before this court for review upon specifica-
tions of error. The findings of the trial court are presumed to be

correct unless clearly opposed to the preponderance of the   evidence. Richards v. N. P. Ry. Co., 42 N. D. 472, 173 N. W. 778; Stavens v. Nat. Elev. Co., 36 N. D. 9, 161 N. W. 558; McLennan v. Plummer, 34 N. D. 269, 158 N. W. 269.

Upon a review of the entire record we are of the opinion that the findings of the trial court should not be disturbed.   The plaintiff is not in a position to complain concerning the failure of the trial court to make findings, upon the allegations of the complaint, that the deposit was made for the purpose of hindering or defrauding creditors.   The trial court permitted the plaintiff, at the trial, to amend his complaint so as to state a cause of action:  Parts of the pleadings were read into the record at the trial.   The plaintiff in open court stated the nature of the action to be one to recover on an alleged preference.   The alleged cause of action, that the transfer was made for hindering and defrauding creditors, was not separately stated as a cause of action.   The record does not establish evidence to support the same as a separate cause of action.   Evidently the trial court regarded such allegations to be   in connection with the cause of action for an alleged preference, and not to be a separate cause of action.   The findings cover the issues presented upon the evidence.

The judgment is affirmed, with costs.


ROBINSON, J., concurs.


CHRISTIANSON, J. (concurring).   This is an action brought by   a trustee in bankruptcy to set aside an alleged preferential or fraudulent transfer.

It is alleged in the complaint:

(1)   That such transfer was made by the bankrupt while insolvent, and within four months before the filing of the petition in. bankruptcy, for the purpose and with the intent to prefer the intervenor and enable it to obtain a greater percentage of its debt than any other creditors of the same class.

(2)   That such transfer was made "by said Max Schultze with the purpose and intent on his part to hinder, delay, and defraud his creditors, or some of them, in the collection of their just debts, and with the purpose and intent to hinder, delay, defraud, and prevent all of his ·

creditors from receiving the same or an equal share in, from, and out of the assets of his estate, in violation of the Bankruptcy Act."

The trial court made findings to the effect:

(1) That it was not established by a preponderance of the evidence that the moneys transferred to the intervener belonged to the bankrupt, or that his estate had been diminished by the deposit and payment thereof.

(2) That the intervener did not know, and had no reasonable cause to believe, that the transfer or payment of the moneys to it would effect a preference.

These findings are based upon the testimony of witnesses who were called and testified orally in the trial court, so the trial judge had opportunity, not only to hear their testimony but to observe their demeanor while testifying. And in my opinion both findings are correct. The first finding is decisive of the action, for manifestly there can be neither disposition of property with the intent to hinder, delay, or defraud creditors, nor a preferential transfer, within the purview of the Bankruptcy Act, unless the property transferred was something belonging to the bankrupt, which his other creditors had a right to subject to the payment of their claims. 7 C. J. 165, 166. The burden was upon the plaintiff, trustee, to establish that the moneys sought to be recovered belonged to the bankrupt, and were by him transferred in violation of the provisions of the Bankruptcy Act. 7 C. J. 269. This burden was not sustained. On the contrary, the preponderance of the evidence sustains the contention of the intervener that the moneys in controversy did not belong to the bankrupt, but belonged to Fred Schultze.

GRACE, C. J., and BIRDZELL, J., concur.