(115 N. W. 260.)

---

E. A. WADSWORTH v. C. R. OWENS.

Opinion filed March 5, 1908.

**Evidence — Presumptions — Owner of Land Entitled to Crops.**

1. The presumption that the owner of land is entitled to the crops grown thereon is a prima facie one only, and may be overcome by the contract of the parties in reference to the disposition to be made of the crop.

**Claim and Delivery — Judgment — Verdict.**

2. In a replevin action for grain grown under a contract, providing that the title to the grain is to remain in the owner of the land until a division thereof, the verdict and judgment should determine the interest of each party in the crop ultimately, although one of the parties is found to be entitled to the present possession.

**Impeachment of Witness.**

3. Where a party on his cross-examination denies having made admissions to a witness, material and relevant to the issues, it is proper to show by such witness that the party made such admisions, and it is error to strike out the evidence that such admissions were made.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by E. A. Wadsworth against C. R. Owens. Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*Dickson & Johnson,* for appellant.

Objection to evidence, on ground of motion, must be specific. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Caledonia Gold Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426.

The evidence of McKechney should have been received, it being admitted without objection. Kolka v. Jones, supra.

Owner of land owns crops thereon, unless title thereto is divested by contract. Elstad v. N. W. Elevator Co., 6 N. D. 88, 69 N. W. 44; 29 Am. & Eng. Enc. Law (2d Ed.) 410.

*Fred E. Smith,* for respondent.

Testimony of McKechney was proper. Jones on Evidence, section 809, 876.

The products of a thing hired belong to the hirer. Section 5517, Revised Codes 1905; 24 Cyc. 1067; Brown v. Thurston, 96 Am. Dec. 439; Forsythe v. Price, 34 Am. Dec. 465; Deaver v. Rice, 34 Am. Dec. 388; Branch v. Morrison, 69 Am. Dec. 770.

MORGAN, C. J. This is an action in claim and delivery brought for the possession of grain, consisting of wheat, oats and barley grown upon certain lands which are described in the complaint. The complaint contains the usual allegations in claim and delivery actions, and demands the possession of the grain, which is alleged to be of the value of $2,500.

The answer is a general denial, with an admission that the value of the grain described in the complaint was as therein alleged. The issues which have been litigated are as to the title of the grain in controversy. The plaintiff claims that the title and ownership thereof are in him by virtue of the fact that he is the owner of the land on which the crop was grown, and by virtue of the fact that the lease under which the land was farmed provided that plaintiff should retain title and possession of the crops until division thereof. The defendant claims that the title to the crops and the ownership thereof are in him by virtue of the fact that he raised, harvested and threshed the crop. These contentions grow out of the fact that there is a contest as to whether the defendant raised the crop under a lease. The defendant denies that there was any lease between him and the plaintiff for the year 1906. The plain-

tiff claims that it was mutually agreed between him and the defendant that the defendant should farm said land under the terms of the lease, which was in force between the parties for the year 1905. The issues were submitted to the jury, and it returned a verdict for the defendant. No motion for a new trial was made, and the plaintiff has appealed from the judgment. The errors assigned relate to the admission and exclusion of evidence and to the instructions given by the court to the jury. These instructions were to the effect that the plaintiff under the facts in evidence was not entitled to the crops by virtue of his ownership of the lands alone. These instructions were excepted to by the plaintiff, and the exceptions are relied on on this appeal. The principle contended for by the plaintiff that the presumption is that crops grown on lands owned by a person belong to the person in whom the title to the land is has no application in this case. The defendant was in possession of the land, but was there with the consent of the plaintiff, and that presumption cannot be invoked. It is conceded that the plaintiff placed the defendant in possession of the land with authority to crop it, and furnished the defendant with the seed, and paid the threshing bill, and in every way recognized the defendant's tenancy. It is also conceded that the defendant did all the work in regard to the farming of the lands described. Under such circumstances there is no presumption that the plaintiff is entitled to the possession of all the crops grown. The presumption that the owner of the land owns the crops is only a prima facie one. It may be overcome by the contract and dealings of the parties. The parties to a farming contract may make any lawful contract as to the disposition of the crop satisfactory to themselves, and the title thereto is subject to any such contract between them. Ellestad v. N. W. El. Co., 6 N. D. 88, 69 N. W. 44. In this case the evidence refutes any suggestion that the title to the crop was to follow the prima facie presumption referred to. The parties attempted to agree upon a written contract which would govern all matters of title and disposition of the crop. While the written lease was not entered into, the evidence is sufficient to sustain a verdict for the plaintiff that there was an agreement that the 1905 lease was to control. The 1905 leases provided that the title and possession of all crops should be in the owner of the land until a division of the crop. It is claimed that there was no proof that no division of the crop had been made. There was no express proof of this fact, but

there are facts and circumstances shown from the record from which no other inference can be drawn except that no division had been made. If the lease of 1905 were in force, the evidence would sustain a verdict that the plaintiff was entitled to the possession of the crop when the action was begun.

At the trial the defendant on his cross-examination denied that he had made statements to one McKechnie to the effect that he had agreed with the plaintiff to farm this land under the terms which were contained in the written leases for the year 1905. After the defendant had rested, the witness McKechnie was placed on the stand, and, without objection, was interrogated and stated that the defendant had admitted to him that he had at one time agreed to farm the land during the year 1906 under the terms of the leases for 1905, except that he had not agreed to do the road work. The defendant thereupon moved to strike out the testimony of the witness on the ground that it was incompetent, irrelevant and immaterial, and not proper rebuttal, and the court struck out the testimony, and the plaintiff excepted to the ruling. This is assigned as error. Upon consideration of the ruling we are forced to the conclusion that the striking out of this evidence was reversible error. One of the issues at the trial was whether the parties had agreed that the land was to be farmed during the year 1906 under the terms of the 1905 leases. The defendant denied that such an agreement had been made. The plaintiff contended that such an agreement had been made. It is therefore evident that the testimony was relevant to the issues, and material. It was clearly rebuttal and in denial of statements made by the defendant upon his examination. The testimony of this witness went directly to the credibility of the defendant, and was relevant to one of the principal issues at the trial, and should not have been stricken out. We think that the ruling was clearly prejudicial. It is alleged that it was error without prejudice, inasmuch as it is claimed that the plaintiff could in no event recover a verdict under the testimony. The reason advanced for this contention is that the land was leased during the year 1905 under two leases, each applying to different lands, and in which the plaintiff was to receive a different share of the crop under each lease. In one lease he was to receive one-fourth of the crop, and in the other lease, one-half of the crop. If the testimony of the plaintiff is to be believed, we think that a reasonable construction of the contract is that each

tract of the land was to be leased for 1906 under the same terms that the same land was leased under the 1905 lease. Under this construction no difficulty would be met in determining just what share of the crop grown on each tract of land each party would be entitled to. It is claimed in argument that the land farmed in 1906 included 80 acres that were not covered by the 1905 leases. If true, this fact would not defeat the operation of the contract to the extent that the parties agreed upon its terms.

In determining what the relative rights of the parties are, in cases like this, we will say, as a guidance in view of another trial, that the contract of the parties is to determine where the title and right to the possession of the crop are. If the facts should develop on another trial that the title was to be in the plaintiff until a division of the crop, that fact would not warrant a judgment in plaintiff's favor for the full value of the crop. The rights of the parties after the right to the possession is determined are to be determined on equitable principles. This court has so held in an action similar to this one. Although the plaintiff might be entitled to the right to the possession of the crop, that would not mean that the defendant had no interest in the crop. The plaintiff would be entitled to the possession thereof only to the extent of his interest therein, and the verdict should show what that interest is in view of the contract of the parties. That is the decision of this court in Angell v. Egger, 6 N. D. 391, 71 N. W. 547, and the principle there laid down was recently sustained in Aronson v. Oppegard, 16 N. D. 595, 114 N. W. 377.

We have examined the other assignments of error, and find no prejudicial error. For the error in striking out the evidence of the witness McKechnie in rebuttal, the judgment is reversed, a new trial granted and the cause is remanded for further proceedings. All concur.