# G. H. STAVENS v. THE NATIONAL ELEVATOR COMPANY, a Corporation.

### (161 N. W. 558.)

**Action — triable to jury — tried to court — findings of fact — presumed to be correct — evidence — preponderance.**

1. Where an action properly triable to a jury is tried to the court without a jury, the findings of fact are presumed to be correct, and will not be disturbed on appeal unless shown to be clearly opposed to the preponderance of the evidence.

**Cropper's contract — title to grain — reserved in landowner — division — lessee — sells and delivers his share — innocent purchaser — conversion — suit for — by landowner — parties — rights of — equitable principles — interest in grain.**

2. Where a cropper's contract reserves title to all crops in the landowner until a division of such crops is made, and the lessee, prior to such division, sells and delivers to an innocent purchaser grain which would belong to such lessee as his share upon a division of such crops, and the owner of the land, basing his claim of ownership upon the reservation of title provided in the

contract, sues the purchaser for conversion, the right of the parties to such action must be determined on equitable principles, and the landowner is entitled to recover such amount only as will compensate him for the amount of his actual interest in such grain.

Opinion filed January 20, 1917.

From a judgment of the District Court of Traill County, *Pollock,* J., plaintiff appeals.

Affirmed.

*Chas. A. Lyche* and *F. W. Ames,* for appellant.

Where the plaintiff's right to recover is contested by defendant upon a claim of superior right, defendant cannot set up a want of demand as a reason for his failure to surrender.

If he desires to rely upon the omission to make demand, he should show a willingness to surrender upon proper demand. Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Raper v. Harrison, 37 Kan. 243, 15 Pac. 219; Breitenwischer v. Clough, 111 Mich. 6, 66 Am. St. Rep. 372, 69 N. W. 88; Thompson v. Thompson, 11 N. D. 208, 91 N. W. 44, and cases cited; Consolidated Land & Irrig. Co. v. Hawley, 7 S. D. 229, 63 N. W. 904.

The reason why a demand is necessary when a person has come into possession of a chattel lawfully and continues to hold it is because, until he refuses to deliver, there is no conversion. Sylvester v. Craig, 18 Colo. 44, 31 Pac. 387; Kendrick v. Beard, 90 Mich. 589, 51 N. W. 645; Proctor v. Tilton, 65 N. H. 3, 17 Atl. 638; McFadden v. Thorpe Elevator Co. 18 N. D. 93, 118 N. W. 242.

It is not necessary to adhere to any particular form of demand, or manner of making it, provided it clearly notifies the party on whom demand is made of just what goods are demanded. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436; Rice v. Yocum, 155 Pa. 538, 26 Atl. 698.

Demand for payment of property alleged to have been converted is sufficient. La Place v. Aupoix, 1 Johns. Cas. 406; Guthrie v. Olson, 44 Minn. 404, 46 N. W. 853.

Conclusions must be based upon and sustained by the findings of fact, and cannot be employed to supply defects or omissions in the findings of fact. 38 Cyc. 1978, and cases cited.

*H. A. Libby,* for respondent.

In an action against an elevator company for conversion of grain which was taken in and paid for in the usual and ordinary course of its business, and without notice of any claim by a third person, a demand for the grain is necessary before the commencement of the action. Towne v. St. Anthony & D. Elevator Co. 8 N. D. 205, 77 N. W. 608; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 287, 91 N. W. 436; Best v. Muir, 8 N. D. 44, 73 Am. St. Rep. 742, 77 N. W. 95; Plano Mfg. Co. v. Northern P. Elevator Co. 51 Minn. 167, 53 N. W. 202; Gillet v. Roberts, 57 N. Y. 28; Citizens Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266, and cases cited; Sanford v. Duluth & D. Elevator Co. 2 N. D. 6, 48 N. W. 434; Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819.

In such cases the filing of a general denial by way of answer is not to assert a superior right to the grain. Such answer simply challenges plaintiff to prove the allegations of his complaint. Ely v. Ehle, 3 N. Y. 506; Barrett v. Warren, 3 Hill, 348; Abernathy v. Wheeler, 92 Ky. 320, 36 Am. St. Rep. 593, 17 S. W. 858; Parker v. Middlebrook, 24 Conn. 207; Hovey v. Bromley, 85 Hun, 540, 33 N. Y. Supp. 400; Valentine v. Duff, 7 Ind. App. 196, 33 N. E. 529, 34 N. E. 453; Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564; Sanford v. Duluth & D. Elevator Co. 2 N. D. 13, 48 N. W. 434; Bigelow, Lead. Cas. in Torts, 446.

The theory of the trial in the lower court, as adopted by both counsel and court, cannot be changed on appeal, but it must be preserved and followed. The plaintiff proceeded throughout the trial upon the theory that a demand for the grain was necessary, and he will not be permitted to say in the appellate court that no demand was necessary. McCabe v. NesNoyers, 20 S. D. 581, 108 N. W. 341; De Laney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499, and cases there cited; Hatcher v. Northwestern Nat. Ins. Co. 106 C. C. A. 225, 184 Fed. 23; Houghton Implement Co. v. Vavrowski, 19 N. D. 594, 125 N. W. 1024; Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; Kepner v. Ford, 16 N. D. 50, 111 N. W. 619; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011, and cases there cited; Fifer v. Fifer, 13 N. D. 20, 99 N. W. 763; 3 Cyc. 243.

Plaintiff had ample opportunity to timely notify defendant of his

claim and to save all parties from loss or litigation, but he failed to do so, and by his silence he waived any rights he had to the grain. Houghton Implement Co. v. Vavrowski, 19 N. D. 594, 125 N. W. 1024; Livingston v. Stevens, 122 Iowa, 62, 94 N. W. 925; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Kenny v. McKenzie, 25 S. D. 485, 49 L.R.A.(N.S.) 775, 127 N. W. 597; Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711; Eickelberg v. Soper, 1 S. D. 563, 47 N. W. 953; Burke v. Utah Nat. Bank, 47 Neb. 247, 66 N. W. 295; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 93.

The failure of a person to speak and to act when he should forbids and precludes him to do so when he would. Branthover v. Monarch Elevator Co. 33 N. D. 454, 156 N. W. 927; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; 2d Pom. Eq. Jur. 499, 500; Cholmondely v. Clinton, 2 Meriv. 361, 35 Eng. Reprint, 905, 16 Revised Rep. 167; Honner v. Morton, 3 Rus. Ch. 65, 38 Eng. Reprint, 500, 27 Revised Rep. 15; Selsey v. Rhoades, 1 Bligh. N. R. 1, 4 Eng. Reprint, 774, 30 Revised Rep. 1; Vigers v. Pike, 8 Clark & F. 650, 8 Eng. Reprint, 220; Odlin v. Gove, 41 N. H. 465, 77 Am. Dec. 773; Bassett v. Salisbury Mfg. Co. 47 N. H. 439; Bigelow, Estoppel, 5th ed. pp. 588, 589, 595–651.

The findings of fact are conclusive upon the parties, the same as would be the verdict of a jury, and in such cases the appellate court will not weigh the evidence, but will presume that the findings are correct. F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Heffernan v. O'Neill, 1 Neb. (Unof.) 363, 96 N. W. 244; Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, 121 U. S. 393, 30 L. ed. 1061, 7 Sup. Ct. Rep. 911; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Phillip Best Brewing Co. v. Pillsbury & N. Elevator Co. 5 Dak. 62, 37 N. W. 763; Smith v. Tosini, 1 S. D. 641, 48 N. W. 299; Paddock v. Balgord, 2 S. D. 103, 48 N. W. 840; Cannon v. Deming, 3 S. D. 431, 53 N. W. 863; Duggan v. Davey, 4 Dak. 110, 26 N. W. 887, 17 Mor. Min. Rep. 59; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225; Nichols & S. Co. v. St. Ugler, 7 N. D. 102, 72 N. W. 1089; Axiom Min. Co. v. White, 10 S. D. 202, 72 N W. 462; Magnusson v. Linwell, 9 N. D. 154, 82 N. W. 743;

Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Bissonette v. Barnes, 4 N. D. 311, 60 N. W. 841; Bressler v. Stanek, 10 S. D. 625, 74 N. W. 1118; Seim v. Smith, 13 S. D. 138, 82 N. W. 390; Randall v. Burke Twp. 4 S. D. 337, 57 N. W. 4; Webster v. White, 8 S. D. 483, 66 N. W. 1145; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; Hulst v. Benevolent Hall Asso. 9 S. D. 147, 68 N. W. 200; Farwell v. Sturgis Water Co. 10 S. D. 421, 73 N. W. 916; Reagan v. McKibben, 11 S. D. 274, 76 N. W. 943, 19 Mor. Min. Rep. 556; Christ v. Garretson State Bank, 13 S. D. 24, 82 N. W. 89; First State Bank v. O'Leary, 13 S. D. 206, 83 N. W. 45; Charles Betcher Co. v. Cleveland, 13 S. D. 349, 83 N. W. 366; Henderson v. Hughes County, 13 S. D. 582, 83 N. W. 682; Krueger v. Dodge, 15 S. D. 166, 87 N. W. 965; Caulfield v. Bogle, 2 Dak. 464, 11 N. W. 511; Herbert v. Northern P. R. Co. 3 Dak. 58, 13 N. W. 349; Moline Plow Co. v. Gilbert, 3 Dak. 255, 15 N. W. 1; Franz Falk Brewing Co. v. Mielenz Bros. 5 Dak. 145, 37 N. W. 728; Finney v. Northern P. R. Co. 3 Dak. 282, 16 N. W. 500; Hughes County v. Livingston, 43 C. C. A. 541, 104 Fed. 306; Eli Min. & Land Co. v. Carleton, 47 C. C. A. 167, 108 Fed. 25; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Grewing v. Minneapolis Threshing Mach. Co. 12 S. D. 127, 80 N. W. 176; Hill v. Whale Min. Co. 15 S. D. 579, 90 N. W. 853; Ricker v. Stott, 13 S. D. 210, 83 N. W. 47.

CHRISTIANSON, J. In his complaint plaintiff avers that he was the owner, and entitled to the immediate possession, of certain grain; that defendant unlawfully converted the same to its own use, to plaintiff's damage in the sum of $1,631.84. The answer denies all the allegations of the complaint.

The evidence shows that the plaintiff was the owner of certain lands in Traill county. In February, 1914, he entered into a contract with one Halland for the cropping of these premises during the years 1914, 1915, and 1916. The cropping contract, which was in writing, contained provisions to the effect that Halland agreed "not to sell or remove, or suffer to be sold or removed, any of the produce of said farm" without the written consent of Stavens, until a division of such produce had been made; and that, until such division, the title to such produce remained in Stavens. The contract further provided that, upon Halland's compliance with the terms thereof, the produce should be equally divided

between Stavens and Halland. In the fall of 1914, Halland hauled and delivered certain grain to the elevator of the defendant. *It is undisputed that Stavens received the storage tickets representing his full one-half share of all crops grown on the premises,* but he claims that no division was ever made, and that consequently, under the stipulations of the contract, he is the owner of the entire crop and entitled to recover the value of the one-half share thereof which would eventually belong to Halland when a division was made. Halland testified that he hauled his share of the grain in order to pay threshing bills, labor bills, and other bills incurred by him in the production of the crop; that he informed plaintiff, Stavens, of this fact, and that Stavens made no objection thereto. This, however, is denied by Stavens.

A jury was waived. The cause was tried to a court and resulted in findings and conclusions in favor of the defendant. Judgment was entered in accordance with such findings and conclusions, and the plaintiff appeals from the judgment.

The court found, among other things, that the defendant purchased the grain in ordinary course of business, without notice or knowledge of plaintiff's claim thereto; that plaintiff made no demand for the return of the grain prior to the commencement of the action, and that plaintiff failed to prove that Halland did not have the full equitable title to the grain at the time of its purchase, with the mere naked legal title retained by Stavens under the written contract. We are all agreed that these findings have substantial support in the evidence and are binding on this court. State Bank v. Maier, 34 N. D. 259, 158 N. W. 346.

The testimony of Halland tends to show that he fully performed his part of the contract, and that the contract was terminated by mutual consent in the fall of 1914; that most of the moneys derived from the sale of his share of the crops were utilized by him in paying threshing and labor bills incurred in the production of the grain. Halland's testimony also tends to show an implied consent on the part of the plaintiff to such sale. There is no evidence on the part of the plaintiff showing any specific interest on his part in the grain in controversy. So far as the evidence shows, Halland was the equitable owner of the grain. He sold all his interest therein to the defendant.

It is true, this court has recognized and enforced stipulations reserv-

ing title to the crops in the land owner until a division has been made. But it is axiomatic that "the law respects form less than substance" (Comp. Laws 1913, § 7262), and this court has held that the rights of the parties to an action like the one at bar must be determined on equitable principles (Wadsworth v. Owens, 17 N. D. 177, 115 N. W. 667), and that the owner of the land is not entitled to recover damages to the full extent of the value of the crops, but only to the extent of his interest therein by reason of claims arising in his favor under the terms of the contract. See Aronson v. Oppegard, 16 N. D. 599, 114 N. W. 377; State Bank v. Hurley Farmers Elevator Co. 33 N. D. 272, 156 N. W. 921.

In this case Halland, the equitable owner of the grain, has sold the same to the defendant. He is not complaining, nor could he complain, of the transaction. Obviously, the plaintiff in this case could not be injured to any greater extent than the amount of his interest in the grain converted. So far as the evidence in this case is concerned, there is nothing to show that he had any interest except the mere naked legal title remaining in the plaintiff. Consequently, plaintiff has failed to show that he has suffered any damages. The most that he could be awarded under the evidence in this case would be nominal damages.

We are also satisfied that under the evidence in this case the court would have been justified in finding that the plaintiff waived his right to assert any claim against the grain in controversy.

The judgment appealed from is affirmed.

## On Petition for Rehearing.

Robinson, J. The record fails to show that the plaintiff proved a cause of action. It shows an attempt on the part of the plaintiff to get pay for grain which did not belong to him. The fact that the court gave a wrong reason for the decision did not prevent the plaintiff from proving a cause of action. The motion for rehearing presents nothing new. It is denied.