A. Y. MORE and J. L. More, a Copartnership Doing Business under the Firm Name and Style of More Brothers, v. WESTERN GRAIN COMPANY, a Corporation.

(164 N. W. 294.)

Real estate mortgage — foreclosure of — by action — receiver appointed — crops sold by — chattel mortgage on — valid and subsisting lien — verdict — court erred in directing.

The complaint shows that in an action to foreclose a real estate mortgage on certain land a receiver was appointed and he took and sold to the defendant the grain crops on the land. The plaintiffs had a valid mortgage lien on the crops for $1,300 and interest. Hence, the court erred by directing a verdict for the defendant.

Opinion filed July 25, 1917.

Appeal from the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Plaintiffs appeal.

Reversed.

*Jacobsen & Murray,* for appellants.

Appellants contend that in motions to strike out testimony and for direction of verdict, it is necessary for the movant to specify the ground or grounds upon which such motions are based. Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747; Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 799; Minder & J. Land Co. v. Brustuen, 31 S. D. 211, 140 N. W. 251; Yeager v. South Dakota C. R. Co. 31 S. D. 304, 140 N. W. 690; Davis v. C. & J. Michel Brewing Co. 31 S. D. 284, 140 N. W. 694; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Drake v. Great Northern R. Co. 24 S. D. 19, 123 N. W. 82; Anthony v. Jillson, 83 Cal. 296, 23 Pac. 419, 16 Mor. Min. Rep. 26; Dawson v. Schloss, 93 Cal. 194, 29 Pac. 31; Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366; Taylor v. Bell, 128 Cal. 306, 60 Pac. 853; Haight v. Tryon, 112 Cal. 4, 44 Pac. 318; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241.

The phrase "More Brothers" in the mortgage does not amount to a misdescription of the payee. 6 Cyc. 1016, ¶ 4.

Such a description is not fatal, and parol evidence is admissible to identify the notes with the notes described in the mortgage. Jones, Mortg. 5th ed. §§ 86, 89 and 90, pp. 136 to 139; Paine v. Benton, 32 Wis. 491; 6 Cyc. 1017, ¶ 4; 27 Cyc. 1096, 1098, ¶ 5, note 78; Gorder v. Hilliboe, 17 N. D. 281, 115 N. W. 843; French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 427, L.R.A.1915D, 766, 151 N. W. 7.

A clause in a mortgage authorizing the holder to declare the whole sum secured to be due and payable in case of default in any payment as therein provided is good, and gives to the holder the right to so declare the whole sum due, and such election was made and acted upon in this case. 7 Cyc. 858, 859, 862, also see note 13 of p. 859.

The receivership constitutes no defense as against our mortgage, and any order made by the court authorizing the receiver to take possession of the crops, as against our chattel mortgage, was void. Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 101, 128 N. W. 691, Ann. Cas. 1913B, 631.

"A mortgage on lands not expressly mortgaging rents and profits gives to the mortgagee no right to growing crops gathered before the decree of foreclosure." Locke v. Klunker, 123 Cal. 231, 55 Pac. 993; Comp. Laws 1913, §§ 7588 et seq; 3 Kerr's Cyc. Codes (Cal.) §§ 564 et seq. pp. 919 to 949 inc.; Golden Valley Land & Cattle Co. v. Johnstone, supra; Bank of Woodland v. Heron, 120 Cal. 614, 52 Pac. 1006; Simpson v. Ferguson, 112 Cal. 184, 53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484.

Any order the court may make with respect to property not involved in the litigation before it is void. Kreling v. Kreling, 118 Cal. 413, 50 Pac. 546.

"If the court is without jurisdiction to appoint a receiver, the order is void and may be attacked or disregarded. The right to possession in the character of receivership cannot be enforced or defended under it." Smith v. Wells, 20 How Pr. 158; State v. Union Nat. Bank, 145 Ind. 537, 57 Am. St. Rep. 209, 44 N. E. 585; 34 Cyc. 168, 190; Anderson v. Robinson, 63 Or. 228, 126 Pac. 988, 127 Pac. 546; Dabney Oil Co. v. Providence Oil Co. 22 Cal. App. 233, 133 Pac. 1155; Staples v. May, 87 Cal. 178, 25 Pac. 346; 27 Cyc. 1630; State ex rel. Hunt v. Superior Ct. 8 Wash. 210, 25 L.R.A. 354, 35 Pac. 1087.

A person not made a party to an action in which a receiver is appointed is not bound by the order of appointment. Elwell v. Goodnow, 71 Minn. 390, 73 N. W. 1095.

A void order of the court may be attacked collaterally, and it is not contempt to disobey it. State ex rel. Johnston v. District Ct. 21 Mont. 155, 69 Am. St. Rep. 645, 53 Pac. 273; J. W. Dann Mfg. Co. v. Parkhurst, 125 Ind. 317, 25 N. E. 347; Freeman, Judgm. § 617; Waples, Proceedings in Rem. §§ 64, 572; State ex rel. Shepard v. Sullivan, 120 Ind. 197, 21 N. E. 1093, 22 N. E. 325.

The taking of property by the receiver constitutes no defense to an action for conversion by the holder of the mortgage. Coburn v. Watson, 48 Neb. 257, 67 N. W. 173, 35 Neb. 492, 53 N. W. 477.

Liens and encumbrances are not affected by the receivership. 34 Cyc. 348; Cramer v. Iler, 63 Kan. 579, 66 Pac. 617; Bowman v. Hazen, 69 Kan. 682, 77 Pac. 589; Albien v. Smith, 24 S. D. 203, 123 N. W. 675; J. W. Dann Mfg. Co. v. Parkhurst, 125 Ind. 317, 25 N. E. 347; Kenney v. Ranney, 96 Mich. 617, 55 N. W. 982; Gutsch v.

McIlhargey, 69 Mich. 377, 37 N. W. 303; Longfellow v. Barnard, 58 Neb. 612, 76 Am. St. Rep. 117, 79 N. W. 255; Bank of Woodland v. Heron, 120 Cal. 614, 52 Pac. 1007.

The order appointing a receiver does not create any lien in behalf of the receiver. Bank of Woodland v. Heron, supra.

There was no showing that the defendant purchased those mortgages and had them assigned to it, or that the holder of those mortgages ever made any claim by virtue thereof. Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266.

The plaintiffs, in their notice of appeal, have demanded judgment notwithstanding the verdict. This court has power to grant same. Houston v. Minneapolis, St. P. & S. Ste. M. R. Co. 25 N. D. 469, 46 L.R.A. (N.S.) 589, 141 N. W. 995, Ann. Cas. 1915C, 529.

*F. C. Heffron* and *Emil Scow,* for respondent.

The plaintiffs made no attempt to amend their pleadings so as to admit certain exhibits in evidence. On this ground alone defendant was entitled to a directed verdict. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627; Johnson v. Moss, 45 Cal. 515; Davenport v. Henderson, 84 Ga. 313, 10 S. E. 920; Robinson Consol. Min. Co. v. Johnson, 13 Colo. 258, 5 L.R.A. 769, 22 Pac. 459; Washington v. Timberlake, 74 Ala. 259; Roop v. Seaton, 4 G. Greene, 252; Roberts v. Jones, 2 Litt. (Ky.) 88; Smith v. Clarke, 4 Cranch, C. C. 293, Fed. Cas. No. 13,028; McKinzie v. Stafford, 8 Tex. Civ. App. 121, 27 S. W. 790; People's Min. & Mill. Co. v. Central Consol. Mine Corp. 20 Colo. App. 561, 80 Pac. 479; Heim v. Russell, 162 Iowa, 75, 143 N. W. 823; 1 Elliott, Ev. § 198; 31 Cyc. 712.

"In order that parol evidence may be admissible to show a mistake in a written instrument, the existence of such mistake must have been alleged in the pleadings." French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; 31 Cyc. 712.

In this case the court has no power to reform a written instrument, nor have plaintiffs ever asked for such relief. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Anderson v. Chilson, 8 S. D. 64, 65 N. W. 435; Sykes v. First Nat. Bank, 2 S. D. 242, 49 N. W. 1058.

"The execution of a writing is the subscribing and delivering it, with or without affixing a seal." 1 Words & Phrases, 559, 560; 3 Words & Phrases, 2558–2560; Drinkall v. Movins State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; Maddox v. Duncan, 143 Mo. 613, 41 L.R.A. 581, 65 Am. St. Rep. 678, 45 S. W. 688.

A mortgage containing a statement of fact admitted to be untrue cannot be foreclosed as drawn, even in a court of equity. Ogden v. Ogden, 180 Ill. 543, 54 N. E. 750; Bowen v. Ratcliff, 140 Ind. 393, 49 Am. St. Rep. 203, 39 N. E. 860; New v. Sailors, 114 Ind. 407, 5 Am. St. Rep. 632, 16 N. E. 609.

It is too late to reform a written instrument after the maker is insolvent and a receiver has been appointed for him. Miller v. Savage, 62 N. J. Eq. 746, 48 Atl. 1004.

The appointment of a receiver of an insolvent is notice to all persons having contractual relations with such insolvent. 34 Cyc. 216, 217, 411, note 79; Day v. Postal Teleg. Co. 66 Md. 369, 7 Atl. 608; Reed v. Axtell, 84 Va. 231, 4 S. E. 587, 10 Am. Neg. Cas. 346; Walling v. Miller, 108 N. Y. 173, 2 Am. St. Rep. 400, 15 N. E. 65; Martin v. Atchison, 2 Idaho, 624, 33 Pac. 470; Robinson v. Atlantic & G. W. R. Co. 66 Pa. 160; Baker v. Carraway, 133 Ala. 502, 31 So. 933; Coleman v. Glanville, 18 Grant, Ch. (U. C.) 42.

Nor can the appointment of a receiver by a court of competent jurisdiction be attacked collaterally. Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Comp. Laws 1913, § 7588, subd. 2; Societe Francaise v. Selhaimer, 57 Cal. 623.

Nor can a tort action be maintained against a receiver either in his representative or individual capacity, based upon acts done by him pursuant to the orders of the court. Tapscott v. Lyon, 103 Cal. 297, 37 Pac. 225.

The real estate mortgage in controversy having been on record long prior to the execution and filing of plaintiffs' alleged crop mortgage, plaintiffs took such mortgage subject to the contingency that in the case set forth in the statute said premises might be seized and placed in the hands of a receiver at any time before the crops were severed from the land. Moncrieff v. Hare, 7 L.R.A.(N.S.) 1001, and notes, 38 Colo. 221, 87 Pac. 1082.

ROBINSON, J. In this case the plaintiffs appeal from a directed verdict and judgment against them. It appears that on August 19, 1912, Charles Procise made to the Hart-Parr Company a chattel mortgage to secure five promissory notes, to wit: $500 due October 15, 1912; $400 due September 15, 1913; $400 due October 15, 1913; $400 due September 15, 1914; $400 due October 15, 1914. The Hart-Parr Company indorsed to the plaintiffs the first three notes. Then to secure the same or the amount due on said notes, Charles Procise made to the plaintiffs a mortgage on all crops of grain to be grown during the year 1913 on section 1–133–95. The mortgage was duly made and filed. Then an action was commenced to foreclose a mortgage on the same land, and by order of the court dated August 1, 1913, a receiver of the land was appointed and directed to take possession of the land and the crops. The plaintiffs were not parties to that action, and of course their mortgage lien was not in any manner devested or affected by the appointment of the receiver. The court had undoubted jurisdiction to appoint the receiver and to take possession of the land, but it had no right or jurisdiction to direct the receiver to take the crops or the property of a third person.

As it appears the crops produced on said land during the year 1913 consisted of a large amount of wheat and barley, and defendant took and sold the same,—wheat, 1,331 bushels; barley, 366 bushels,—and the plaintiff sues to recover the value of the same to the amount of his liens. The answer sets forth the appointment of a receiver, and that by order of the court he took the grain and sold it to the defendant. Also that the plaintiff made no claim for the crops until the receiver had expended large sums of money in harvesting, threshing, and delivering the same to the defendant. To make the crops available it was necessary for the mortgagee, the receiver, or some party to pay the expense of harvesting, threshing, and hauling the same to market, and the receiver, paying such necessary expenses, must be permitted to prove the same and to retain it from the proceeds of the crops, and, on the same principle, so far as the mortgagees pay the labor expenses for producing the crops and discharging labor liens they should be reimbursed from the crops. As it appears from the record, the crops sold were about sufficient to pay the liens of the plaintiff and the expenses necessarily paid by the receiver.

The mortgagees seem to feel that they were put between the devil and the deep sea. They did not know which way to jump, and so they brought one action against the receiver and another action against the defendant for receiving and purchasing their grain. In each case the court erroneously decided against them. The reasoning in the other case will apply with equal force to this case. The mortgage to the plaintiffs was made to secure $1,300 and interest from August 19, 1912, according to three promissory notes, which were sufficiently described in the mortgage. Much ado is made of the fact that the mortgage described the three notes as *executed* to More Brothers, instead of *indorsed* to More Brothers; but it is much ado about nothing. The use of the printed word "executed" in lieu of "indorsed" or "owned by" deceives no person, and the validity of the mortgage does not depend on the notes. It was made to secure $1,300, and interest, and in case of default the mortgagees are authorized to sell the mortgaged property and to retain the amount due on the debt, and the mortgagee is also given the right to pay from the sale the necessary expenses of harvesting, threshing, and caring for the crops.

The case turns on principles which are simple and elementary, and it is needless to quote from Cyc. or any other book. We search in vain for any note or memorandum showing the grounds, upon which the judge directed a verdict in favor of the defendant. It is needless to say that, while the mortgagees may recover against wrongdoers two judgments for the same debt or claim, they can have but one payment of the debt. The defendant may thank itself for incurring the expense of a groundless defense and two appeals in actions which might have been consolidated. However, the record shows no excuse for the defense made to either action.

Judgment reversed.

CHRISTIANSON, J. (concurring specially). This is a companion case to More v. Lane, post, 563, 164 N. W. 292, and is virtually controlled by the decision in that case. The evidence shows that the receiver delivered and sold the grain involved in this litigation to the defendant prior to the commencement of this action; that proper demand was made on the defendant by the plaintiffs for the grain before the present action was instituted, and that such demand was refused. As stated in More v. Lane, the evidence clearly shows that

the plaintiffs had a valid first mortgage lien on the grain, and also that they are assignees of certain farm laborers' liens. The receiver could convey to the defendant no better title to this grain than he possessed, and defendant therefore purchased the grain subject to whatever valid liens existed against it (34 Cyc. 332–334). As the two actions involved the same grain, and as the ownership of such grain and plaintiffs' special property therein is primarily involved in the case of More v. Lane, I agree with Mr. Justice Robinson that under the facts in this case plaintiffs' recovery should be measured by their recovery in the case of More v. Lane, and that a payment of the judgment in that case should also operate as a payment of the judgment in this case.