A. Y. MORE and J. L. More, a Copartnership Doing Business under the Firm Name and Style of More Brothers, v. A. L. LANE, Receiver of Charles Procise, and A. L. Lane.

(164 N. W. 292.)

**Real estate mortgage — action to foreclose — chattel mortgage on crops — receiver under foreclosure — lien of chattel mortgage — not affected by — receiver takes subject to such lien — action against receiver — for conversion — not protected by receivership.**

In an action to foreclose on real property, the appointment of a receiver does not devest or affect the lien of a chattel mortgage on the crops. When a receiver takes and sells crops subject to the lien of a third party, he is not protected from an action by the lien holder to recover the value of the crops to the amount due on the lien.

Opinion filed July 25, 1917.

Appeal from the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Plaintiffs appeal.

Reversed.

*Jacobsen & Murray,* for appellants.

Conceding that there was a misdescription of the notes in the chattel mortgage, still such does not avoid the mortgage, and oral evidence was admissible to identify the notes. Jones, Mortg. 5th ed. §§ 86, 89, and 90, pp. 136 to 139; Paine v. Benton, 32 Wis. 491; 6 Cyc. 1016, ¶4; 27 Cyc. 1096, 1098, ¶ 5, note 78; Moore v. Russell, 133 Cal.

297, 85 Am. St. Rep. 166, 65 Pac. 625; Rock v. Collins, 99 Wis. 630, 67 Am. St. Rep. 885, 75 N. W. 426; Lierman v. O'Hara, 153 Wis. 140, 44 L.R.A.(N.S.) 1153, 140 N. W. 1057; Catlett v. Stokes, 33 S. D. 278, 145 N. W. 554.

The receiver was not an innocent purchaser of the grain covered by plaintiffs' mortgage. He stands in the same place as the mortgagor. Therefore the mortgage could be reformed in the same action, so as to conform to the notes. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7.

The agreement between the plaintiffs and the mortgagor relative to the application of the proceeds of the money derived from the foreclosure sale of the engine was clearly admissible. Comp. Laws 1913, § 5799.

A receiver has no authority over or right to possession of crops unless the plaintiff in the receivership action has a lien thereon. Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 101, 128 N. W. 691, Ann. Cas. 1913B, 631.

In an action to foreclose a real estate mortgage, a receiver appointed therein has no authority or control over the crops on the land covered by the mortgage, where the mortgage is only on the land. Locke v. Klunker, 123 Cal. 231, 55 Pac. 993; Bank of Woodland v. Heron, 120 Cal. 614, 52 Pac. 1006.

The California statutes as to receivers are the same as here. Comp. Laws 1913, §§ 7588 et seq.; 3 Kerr's Cyc. Codes (Cal.) §§ 564 et seq. pp. 919 to 949 inc.; Golden Valley Land & Cattle Co. v. Johnstone, supra.

The court had no authority to appoint a receiver over property upon which the plaintiffs there had no lien. The court could not authorize the receiver to take charge of property which was not involved in the litigation before it. Its order in this respect was void, and the acts of the receiver thereunder were unlawful. Kreling v. Kreling, 118 Cal. 421, 50 Pac. 549; Bowman v. Hazen, 69 Kan. 682, 77 Pac. 589; Vila v. Grand Island Electric Light Ice & Cold Storage Co. 68 Neb. 222, 63 L.R.A. 791, 110 Am. St. Rep. 400, 94 N. W. 136, 97 N. W. 613, 4 Ann. Cas. 59; Anderson v. Robinson, 163 Or. 228, 126 Pac. 988, 127 Pac. 546; 34 Cyc. 168; Dabney Oil Co. v. Providence Oil Co. 22 Cal. App. 233, 133 Pac. 1155; Baker v. Varney, 129

Cal. 564, 79 Am. St. Rep. 140, 62 Pac. 100; State ex rel. Johnston v. District Ct. 21 Mont. 155, 69 Am. St. Rep. 645, 53 Pac. 272; Staples v. May, 87 Cal. 178, 25 Pac. 346; 27 Cyc. 1630; Elwell v. Goodnow, 71 Minn. 390, 73 N. W. 1095.

The appointment of a receiver has no effect over parties who were not made parties to the receivership action. State ex rel. Hunt v. Superior Ct. 8 Wash. 210, 25 L.R.A. 354, 35 Pac. 1087; J. W. Dann Mfg. Co. v. Parkhurst, 125 Ind. 317, 25 N. E. 347.

Liens and encumbrances are not affected by the appointment of a receiver, and he takes possession of the property covered thereby subject thereto. 34 Cyc. 348; Cramer v. Iler, 63 Kan. 579, 66 Pac. 617; Bowman v. Hazen, 69 Kan. 682, 77 Pac. 589; Albien v. Smith, 24 S. D. 203, 123 N. W. 675; High, Receivers, § 138, p. 159; Re Binghamton General Electric Co. 143 N. Y. 261, 38 N. E. 297; Hammond v. Solliday, 8 Colo. 610, 9 Pac. 781; Petaluma Sav. Bank v. Superior Ct. 111 Cal. 488, 44 Pac. 177.

A party holding a lien on property may proceed by independent action against the receiver to recover on his lien. Petaluma Sav. Bank v. Superior Ct. supra; Coburn v. Watson, 48 Neb. 257, 67 N. W. 171, 35 Neb. 492, 53 N. W. 477; 34 Cyc. 217, 409, ¶ 6; Kenney v. Ranney, 96 Mich. 617, 55 N. W. 982; Gutsch v. McIlhargey, 69 Mich. 377, 37 N. W. 303.

The plaintiffs proved and offered to prove a prima facie case of conversion. The demand was made and the action instituted promptly, and they were entitled to recover the highest market value of the property. Chaffee Bros. Co. v. Powers Elevator Co. 33 N. D. 550, 157 N. W. 689; Dammann v. Schibsby Implement Co. 30 N. D. 15, 151 N. W. 985.

The appointment of defendant as receiver is no defense, because the order was void. Comp. Laws 1913, § 6857.

Nor could such appointment affect the rights of laborers to file liens for their labor. Bank of Woodland v. Heron, supra.

The sale of the crops by the receiver had no effect on valid liens and chattel mortgages thereon. High, Receivers, §§ 191, and 199a; Totten & H. Iron & Steel Foundry Co. v. Muncie Nail Co. 148 Ind. 372, 47 N. E. 703; J. W. Dann Mfg. Co. v. Parkhurst, 125 Ind. 317, 25 N. E. 347; 34 Cyc. 334.

Such sale was made subject to all valid liens. 34 Cyc. 350.

*F. C. Heffron* and *Emil Scow,* for respondent.

The plaintiffs offered in evidence a mortgage which was given to them to secure the payment of notes payable to another person. Objection was made and sustained, and no motion was made to amend the complaint.

On this ground alone defendant was entitled to a directed verdict. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A. 1915D, 766, 151 N. W. 7; Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627; Johnson v. Moss, 45 Cal. 515; Davenport v. Henderson, 84 Ga. 313, 10 S. E. 920; Robinson Consol. Min. Co. v. Johnson, 13 Colo. 258, 5 L.R.A. 769, 22 Pac. 459; Washington v. Timberlake, 74 Ala. 259; Roop v. Seaton, 4 G. Greene, 252; Roberts v. Jones, 2 Litt. (Ky.) 88; Smith v. Clarke, 4 Cranch, C. C. 293, Fed. Cas. No. 13,028; McKinzie v. Stafford, 8 Tex. Civ. App. 121, 27 S. W. 790; People's Min. & Mill. Co. v. Central Consol. Mines Corp. 20 Colo. App. 561, 80 Pac. 479; Heim v. Ressel, 162 Iowa, 75, 143 N. W. 823; 1 Elliott, Ev. § 198; 31 Cyc. 712.

The alleged parties to an instrument described in the pleadings must be identically the same as those shown by the instrument when put in evidence. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; 31 Cyc. 712.

The court has no power in this action to reform a written instrument, nor have plaintiffs ever asked for such relief. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Anderson v. Chilson, 8 S. D. 64, 65 N. W. 435; Sykes v. First Nat. Bank, 2 S. D. 242, 49 N. W. 1058; Tourtelot v. Whithed, 9 N. D. 467, 84 N. W. 8; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1, 119 U. S. 491, 30 L. ed. 476, 7 Sup. Ct. Rep. 305.

"The execution of a writing is the subscribing and delivering of it with or without affixing a seal." 1 Words & Phrases, 559, 560; 3 Words & Phrases, 2558–2560; Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; Maddox v. Duncan, 143 Mo. 613, 41 L.R.A. 581, 65 Am. St. Rep. 678, 45 S. W. 688.

"A mortgage containing a statement of fact admitted to be untrue

cannot be foreclosed as drawn even by a court of equity." Ogden v. Ogden, 180 Ill. 543, 54 N. E. 750; Bowen v. Ratcliff, 140 Ind. 393, 49 Am. St. Rep. 203, 39 N. E. 860.

It is too late to reform a written instrument after the maker has become insolvent and a receiver has been appointed for him. Miller v. Savage, 62 N. J. Eq. 746, 48 Atl. 1004.

It is not claimed that the receiver has not faithfully carried out all the orders of the court. Tapscott v. Lyon, 103 Cal. 297, 37 Pac. 225; Montgomery v. Enslen, 126 Ala. 654, 28 So. 626; Remington Paper Co. v. Watson, 49 La. Ann. 1296, 22 So. 355.

The court had jurisdiction of the mortgagor and mortgagee in the action in which the receiver was appointed, and of the land on which the crops seized were growing at the time of his appointment. Comp. Laws 1913, § 7588, subd. 2; Societe Francaise v. Selhaimer, 57 Cal. 623.

His appointment cannot be collaterally attacked, no matter how erroneous it may have been. 34 Cyc. 217, notes 97 and 98; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Comp. Laws 1913, § 7588, subd. 2.

Plaintiffs took the chattel mortgage subject to the contingency that, in the case set forth in the statute, said premises might be seized and placed in the hands of a receiver at any time before the crops thereon were severed from the soil. Moncrieff v. Hare, 7 L.R.A.(N.S.) 1001, and note, 38 Colo. 221, 87 Pac. 1082.

ROBINSON, J. The plaintiff brings this action, claiming title to certain crops of grain under a chattel mortgage made to them by Charles Procise. The plaintiff appeals from a judgment in favor of the defendant. The mortgage was on all grain crops to be grown during the year 1913 on section 1, township 133, range 95. A prior mortgage was made to Hart-Parr Company to secure five promissory notes each dated August 19, 1912, to wit: $500 due October 15, 1912; $400 due September 15, 1913; $400 due October 15, 1913; $400 due September 15, 1914; $400 due October 15, 1914. Interest at 8 per cent. The mortgage was duly witnessed, acknowledged, and filed for record. This mortgage was on a gasolene engine and on some crops, and on foreclosure of the same there was due about $1,300.

On February 4, 1913, Charles Procise made another mortgage to secure payment of $1,300, on all crops to be grown during the year 1913 on sec. 1–133–95 according to the conditions of three promissory notes, *executed* to More Brothers, dated August 19, 1912; $500 due October 15, 1912; $400 due September 15, 1913; $400 due October 15, 1913.

Manifestly this second mortgage was made to secure three of the notes described in the first mortgage, which notes had been transferred to More Brothers by Hart-Parr Company. The notes were made payable to the order of Hart-Parr Company, and were indorsed by them to the plaintiffs, and when so indorsed they were in reality made and executed to the plaintiffs. In the brief of counsel for defendant it is claimed that the second mortgage is fatally defective because it describes the notes as executed to More Brothers, and not as made to Hart-Parr Company and by them indorsed to More Brothers. The point amounts to nothing. No person was deceived by the description of the notes, and when indorsed by Hart-Parr Company to the plaintiffs the legal effect was precisely the same as if the notes had been made payable to the plaintiffs. The receiver stands in the shoes of the mortgagor. He is in no position to assert any claim as a purchaser in good faith and for value. The mortgage needed no reforming. It sufficiently described its notes, and it covered the crops in question and gave notice to every person.

It is also claimed that a mortgagee of land which is insufficient to secure the mortgage debt may, by a receiver, take the crops grown on the land regardless of any mortgage. That is not the law. The yearly crops are produced at a great expense, and the party producing them has a perfect right to mortgage the crops, and the right of a receiver is necessarily subject to the rights of any prior mortgage. In other words, a valid mortgage lien is not in any way devested by the appointment of a receiver, and when a receiver wrongfully takes property subject to the lien of a third party, of course he must pay for the property to the extent of the lien. When a receiver is appointed in a suit to foreclose a mortgage, the court has no right or jurisdiction to order him to take the property of third parties.

In this case the plaintiff makes no collateral attack on the order appointing the receiver. That was a matter entirely within the juris-

diction of the court, but when direction is given to a receiver, by inadvertence or otherwise, to take property not belonging to the mortgagor nor subject to the mortgage lien, then the court surpasses its jurisdiction. A party is not protected in wrongdoing because he is a receiver or an officer of a court.

But it is claimed that a receiver should be dealt with very gently, and that when acting under the order of a court he cannot be held in an action of tort. The answer is that, under our modern practice, the twilight distinction between actions in tort and the contract is of little consequence. This is an action to recover money which the receiver has wrongfully put into his pocket. When a receiver takes and sells property of a third party, the purpose of any action that can be brought against him is to recover the property, or its value, or the money received for it. He should not be permitted to sell the property of others, and to retain its price, and to make nice distinctions regarding the procedure to recover the property or its value.

The remedy of the plaintiffs was by a summary motion to the court or by a civil action, and hence, with the express permission of the court, this action was brought. On the record and proceedings it is hard to conceive of any ground for denying plaintiffs' right to recover. In regard to the labor liens, if they were valid liens against the crop, and the plaintiffs paid them under the mortgage or took an assignment of such liens, of course they are entitled to recover the same from the proceeds of the crop. It seems the defendant has sold the crops of grain, and now he refuses to pay either the mortgage liens or the hire of the laborers who produced or harvested the crops. To make the crops available it was necessary for the mortgagee, the receiver, or some party to pay the expense of harvesting, threshing, and hauling the same to market; and the receiver, paying such necessary expenses, must be permitted to prove the same and to retain it from the proceeds of the crops. And the same is true of a purchaser from the receiver.

Judgment reversed.

CHRISTIANSON, J. (concurring specially). I concur in the result reached in the opinion prepared by Mr. Justice Robinson, for the following reasons: It clearly appears that the plaintiffs had a valid chattel mortgage lien on the grain seized by the receiver. I agree with Mr.

Justice Robinson that the alleged misdescription of the notes is not fatal to plaintiffs' mortgage lien. It is undisputed that the plaintiffs are the owners and holders of the notes secured by the mortgage, and were such owners and holders at the time the mortgage was executed. The mortgage was properly executed and filed for record, and was a valid lien on the grain involved in this case. The plaintiffs were not made parties to the action in which the receiver was appointed. The receiver was appointed in an action for the foreclosure of a mortgage upon the land on which the crops were grown. At the time such action was commenced and the receiver appointed, the grains in controversy were growing crops thereon, and the lien of plaintiffs' mortgage had attached thereto. While the mortgage sought to be foreclosed in the action in which the defendant receiver was appointed did not cover the crops, I am by no means satisfied that the order appointing the receiver and directing him to take possession of the crops was void and can be either disregarded or attacked collaterally. The power of the district court to appoint a receiver in an action for the foreclosure of a mortgage is unquestioned. Comp. Laws 1913, § 7588. The mere fact that the order is irregular or erroneous on facts does not make it void. 17 Enc. Pl. & Pr. 753; 34 Cyc. 164 et seq. In the case at bar, however, the plaintiffs expressly recognized the appointment of the receiver, and obtained the court's permission to bring the present action against him in his representative capacity. Having recognized the order as valid, it would seem that the plaintiffs are in no position to assert that it is invalid. 34 Cyc. 162.

The questions presented in this action could probably have been determined by the court on a motion in the receivership proceedings. But the court was not required to pursue this method. It could permit or require that such issues be determined in an ordinary action.

It is unnecessary to determine whether the court could in its discretion have refused to grant permission to maintain such action, as that question is not presented here. The fact is that the plaintiffs applied for, and the court gave, permission that such action be maintained. In this state, where forms of civil action have been abolished, there is no good reason why the trial court may not permit the ownership of property to which the receiver and some third party make conflicting

claims, to be determined in an action for a conversion of the property. The court having granted permission to the plaintiffs to maintain such action, they are entitled to an adjudication of their rights as established by the evidence, under the issues framed by the pleadings.

I agree with the contentions of the respondent that a receiver acting in accordance with the directions of the order of his appointment cannot be held individually liable for such acts,—at least not unless the order of appointment is void. It by no means follows, however, that an action will not lie against him in his representative capacity for injuries resulting to others from such acts. While the receiver is relieved from personal liability, actions may be brought against him in his official capacity, and the judgments obtained against him so entered as to be enforced against funds properly chargeable therewith in his hands, or under his control. High, Receivers, 3d ed. § 255.

I do not believe that the receiver in this case, having taken possession of property in accordance with the court's order, should be held liable individually for so doing. But I do believe that the funds in his hands received from the sale of the property upon which the plaintiffs had a valid subsisting lien at the time the receiver was appointed should be paid over by him to the plaintiffs to the extent of their lien. The evidence in the case clearly shows that the plaintiffs had a first mortgage lien on such grain, and that the receiver marketed the grain, and has the moneys which he received therefor in his possession. I know of no reason why, in an action for conversion, the rights of the parties may not be determined upon equitable principles. See Wadsworth v. Owens, 17 N. D. 173, 177, 115 N. W. 667; Stavens v. National Elevator Co. 136 N. D. 9, 161 N. W. 559.

I agree with Mr. Justice Robinson that the plaintiffs should be awarded judgment for the amount of their mortgage lien and such of the farm laborer's liens as they show to be valid. Said judgment, however, not to be a judgment against the receiver individually, but a judgment against him in his representative capacity as receiver, and to be satisfied out of the moneys in his hands received from the sale of the grain, after the payment by the receiver of the necessary expenses actually incurred in harvesting, threshing, and marketing the grain.