ROSINA RIEDLINGER, Appellant, v. FREDERICK FEIL ET AL., Respondents.

(187 N. W. 963.)

**Wills — district court's findings as to the mental capacity not disturbed unless clearly opposed to the preponderance of the evidence.**

    In proceedings contesting the probate of a will, where both the County Court and the District Court, having found mental incapacity of the testatrix and undue influence, disallowed the probate of the will, it is *held*, that the findings of the District Court, being in place of a verdict of a jury, are presumed to be correct and will not be disturbed unless clearly opposed to the preponderance of the evidence.

Opinion filed April 12, 1922.

    Action in District court, McIntosh county, *Allen*, J. Petitioner has appealed from an order disallowing the probate of a will.

Affirmed.

Per Curiam.

*F. E. McCurdy,* for appellant.

*G. M. Gannon, A. A. Ludwigs,* for respondents.

PER CURIAM. This appeal involves an order of the district court affirming a similar order made by the county court denying the admission of a will to probate. The facts necessary to be stated are as follows: Christina Feil, the deceased, died on March 9, 1920, afflicted with cancer of the stomach. She left surviving her two daughters and three sons, aged, respectively, from 32 to 54 years: also six minor children of a deceased son. Her estate consists of about $1,800 in cash and personality. On December 19, 1918, the deceased made a will devising all of her property to a daughter Maria Gugel, excepting the payment of her debts and funeral expenses, and $1 to each of her children and grandchildren. This will was made upon an agreement that such daughter would furnish her with shelter and support for the remainder of her life. The signature of the testatrix to this will is in German script, quite legible. With this daughter she lived during three months. Whether she left by reason of ill treatment or dissatisfaction or to stay elsewhere and to look after her property interests is a matter of dispute in the evidence. In any event, she lived thereafter partly in a small house or shack upon land rented to a tenant and formerly owned by her deceased son; partly with a married daughter, Rosina Riedlinger; and partly with a married son, Samuel Feil. While at Samuel Feil's place her condition became such that it was deemed advisable to take her to a hospital in Bismarck. Accordingly, in February, 1920, in the company of her brother, Christ Layer, she was brought to such hospital. There she remained about two weeks. The evidence discloses that her physical condition was poor; that her cancerous condition had advanced to such a degree that only a short time remained until the final summons would come. Further, the evidence discloses without contradiction that the testatrix became extremely anxious to leave the hospital. She wanted to go away, to be taken away to the home of one or two of her children. She was willing to even sign her life away, as she stated, as well as her property, if she could be so taken away. She communicated her wishes over and over again to her brother. He had been residing with

the Riedlingers. Mr. Riedlinger was at the hospital Thursday, March 3, 1920. Her wishes were communicated to him. He explained that it was necessary for him to see his wife. The next day, Friday, Mr. Riedlinger and his wife, Rosina, the daughter, were at the hospital. The wishes of the testatrix were communicated to the doctor and to the superintendent of the hospital. A lawyer was called and a will was drawn. In the afternoon it was executed. It gave all of the property of the testatrix, after the payment of her funeral expenses, debts, and expenses of administration, to her daughter Rosina. Her signature is a mere scrawl, quite illegible. She signed again by her mark. Later in the afternoon her son Samuel Feil came to Bismarck and called at the hospital. The next day the testatrix was taken from the hospital on the train to the home of her daughter in McIntosh county. The following Tuesday, March 9, 1920, she died. On March 11, 1920, a petition was filed in the county court to probate the former will. On March 12, 1920, a petition was filed to probate the later will. A special guardian was appointed for the minor children. Upon the hearing in the county court, objections were filed to the probate of the later will on the grounds of mental incapacity and undue influence. Objections were filed to the allowance of the former will, upon the ground that there was a later will. Much evidence was taken and submitted to the county court concerning the mental capacity of the testatrix and the questions involving undue influence. The county court disallowed the later will and received for probate the former will. The daughter Rosina thereupon appealed to the district court from the order disallowing the later will. It was stipulated between the parties that the transcript of the testimony taken in the county court be considered the complete record and the evidence in the district court. After hearing without a jury, the district court found both mental incapacity of the testatrix and the exercise of undue influence. Accordingly the order of the county court was affirmed. It is deemed unnecessary to set forth at length the testimony of the various witnesses concerning the mental capacity of the testatrix or concerning undue influence. The record and the evidence has been reviewed carefully, and the disputed questions of fact considered.

The questions involved are questions of fact. Upon appeal to the district court, the parties were entitled to have such questions determined by a jury. Section 8620, C. L. 1913. Instead of so doing, and instead of again submitting evidence to the district court, the evidence submitted

in the county court was submitted for the decision of the district judge without a jury. No question is raised, pursuant to the specifications and contentions of the petitioners, upon the propriety of admitting to probate the former will. In the record it appears that the beneficiary in the former will, Maria Gugel, intends to allow to each of the children their legal proportion as heirs of the testatrix. The only objection presented concerning the former will was, as stated, that there was a later will. The petitioner maintains that the record fails to show mental incapacity or the exercise of undue influence. The appeal involved herein is not triable de novo in this court. It is before this court with the presumptions that attach to the findings of the trial judge with the jury waived. Such findings are presumed to be correct unless clearly opposed to the preponderance of the testimony. See Stavens v. Nat. Elev. Co., 36 N. D. 9, 161 N. W. 558; Richards v. Nor. Pac. Ry. Co., 42 N. D. 472, 173 N. W. 778; McCormick v. Union Farmers' State Bank (N. D.) 187 N. W. 421. Although the testimony of the lawyer who drew the latter will, the head of the hospital, and the medical testimony shows rather clearly mental capacity on the part of the testatrix involved, nevertheless we are not prepared to say, as a matter of law, upon careful consideration, that the findings of the trial court are so clearly opposed to the preponderance of the testimony that they should be disturbed. See Peterson v. Lindquist, 40 N. D. 501, 505, 169 N. W. 76. The order accordingly is affirmed.

GRACE, C. J., and BRONSON, CHRISTIANSON, BIRDZELL and ROBINSON, JJ., concur.