ANNETTA I. E. ERICKSON, Respondent, v. OSCAR BACK-MAN, Special Administrator of the Estate of Peter Larson, Deceased, Eina Topp, nee Larson, Nilma Nilson, nee Olson, Frida Olson, and Sigrid Larson, nee Olson, and Eina Topp, nee Larson, Nilma Nilson, nee Olson, Frida Olson and Sigrid Larson, nee Olson, Appellants.

(191 N. W. 343.)

**Wills — judgment of district court allowing probate of will properly triable to jury not triable de novo in supreme court.**

1. Following Riedlinger v. Feil, 48 N. D. 908, an appeal from a judgment in

---

Note.—On review of findings to trial court generally, see 2 R. C. L. 203; 1 R. C. L. Supp. 442; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81.

district court allowing the probate of a will properly triable to a jury, is not triable de novo in the supreme court.

**Wills — findings of court presumed to be correct, unless clearly opposed to preponderance of evidence.**

2. In such case, the findings of the trial court are presumed to be correct unless clearly opposed to the preponderance of the evidence.

**Wills — evidence held to support findings of genuineness.**

3. For reasons stated in the opinion, findings, determining a will to be genuine and allowing its probate, are upheld.

Opinion filed December 8, 1922.

Wills, 40 Cyc. p. 1285 n. 26; p. 1356 n. 49; p. 1358 n. 72, 75.

Action in District Court, Burleigh County, *Nuessle, J.,* contesting the probate of a will.

The heirs have appealed from the judgment.

Affirmed.

*Newton, Dullam & Young,* for appellants.

The proponent of the will has the burden of rebutting such presumption, and this is especially true where the beneficiary occupies a confidential relation to the testator. Busch v. De Lano (Mich.) 71 N. W. 628; Hughes v. Meridith (Ga.) 71 Am. Dec. 127; Tyler v. Gardner, 35 N. Y. 559; 40 Cyc. 1153.

Fraud may be inferred from the circumstance alone that the draftsman is a beneficiary thereunder. See also Coffin v. Coffin, 23 N. Y. 9, 80 Am. Dec. 235.

The testimony in this case took a wide range, and that is permissible and necessary in a case of this kind. 28 L.R.A.(N.S.) 275, 284, 288.

Elliott on Evidence in § 1100, on the subject of handwriting states: "By nature and habit individuals contract a system of forming letters which give a character to their writing as distinct as that of the human face." Re O'Conner, 179 N. W. 401.

*E. T. Burke,* for respondent.

## Statement.

BRONSON, J. This is a proceeding contesting the probate of a will. The county court, after extended hearings, allowed the will. Upon

appeal to the district court, the allowance of the will was reaffirmed. An appeal has now been taken to this court from the judgment entered in the district court. Plaintiff is the beneficiary in the will. Defendants, appealing herein, are, respectively, a sister and three nieces of the deceased.

The facts are: Peter Larson, the deceased, of Swedish nationality, settled in Burleigh county, some thirty-five years ago, upon a homestead; there, as a bachelor, he lived and died in October, 1919; the Erickson family were his neighbors; the will in question is dated Jan. 29th, 1900; it was written with pen and ink by the beneficiary, and was signed by her mother and her brother as witnesses; it is in the Swedish language. Translated, it reads as follows: "I, the undersigned, bequeath all my property to Miss Annetta I. E. Erickson, daughter of Mr. N. Erickson of Grass Lake township, Slaughter, Burleigh county, North Dakota, which she shall be heir to after my death." In county court, the special administrator objected to the allowance of the will upon grounds of fraud, undue influence, and that the will was not the will of the deceased. The heirs objected upon grounds of fraud and undue influence. The county court found that the deceased was a citizen of Burleigh county and of the United States for twenty years prior to his death. That he was on friendly terms with the petitioner's family; that he was of sound and disposing mind up to and including the time of making the will; that he lived alone during the last fifteen years of his life; that he received friendly assistance in his farm labor and housekeeping from the plaintiff and her brothers, and was very friendly to the plaintiff; that at the time of making the will he was entertaining the firm belief that his sisters in the old country had divided up the property left by his father and mother and had given him no portion thereof; that at the time of the execution of the will it was his intention not to give his relatives in Sweden any portion of his property; that the will was duly executed by deceased, free from fraud or undue influence.

At the trial in the district court it was stipulated that a jury be waived and the proceeding tried to the court; that the testimony of any witness taken in the county court might be offered and received in evidence in the district court in lieu of the oral testimony of the witnesses; that, further, if either party desired to further cross-examine

such witnesses they would be produced for such purpose and either party reserved the right to introduce further testimony. Accordingly, the record in district court is composed of the testimony of the witnesses with exhibits, as taken in the county court, and the oral testimony of three witnesses offered in district court. The district court found that the deceased was a citizen of Burleigh county and of the United States for at least twenty years immediately prior to his death; that he had never been married and had no children; that, during all of this time, the deceased and the family of the plaintiff were neighbors and very friendly; that on Jan. 29th, 1900, the deceased was in good health and of sound memory and possessed a sound and disposing mind; that the will was duly executed without any duress, fraud, or undue influence and has never been revoked. In the judgment, the trial court sustained an allowance for the costs of the witnesses whose testimony was transcribed and used in the district court. The appellants demand a trial de novo; they maintain that the findings of the trial court are not justified by the evidence; that the will is spurious and a forgery; that trial court erred in allowing fees of witnesses in county court.

## Opinion.

This appeal is not triable de novo in this court. It is before this court with the presumptions that attach to the findings of the trial court with a jury waived. Such findings are presumed to be correct unless clearly opposed to the preponderance of the testimony. Riedlinger v. Feil, 48 N. D. 908, 187 N. W. 963, and cases cited. Upon a review of the entire record which is voluminous, we are unable to find that the findings of the trial court are clearly opposed to the preponderance of the testimony. The sole question involved is whether the signature to the will is a forgery. The banker, with whom the deceased did his business, pronounces it genuine. Likewise, two other bankers so agreed. The Erickson family, including the petitioner, testify directly that the deceased signed such will at their home and detail circumstances concerning the wishes and desires of the deceased to give his property to the plaintiff. Three other witnesses including a doctor who had been the physician of the deceased during his lifetime, testified to conversations with the deceased wherein he had declared

that he had made a will leaving his property to the plaintiff. There were two witnesses for the appellant who relate conversations with the deceased to the effect that he made no will and desired his property to go to his relatives. Two handwriting experts for the appellants testified to the effect that the signature to the will was not the signature of the deceased. The testimony of one of these handwriting experts, however, was somewhat discredited through his inability to identify the signatures of counsel proffered to him upon a test. Both the county court and the district court have apparently given extensive consideration to the voluminous evidence and we are not prepared to find that their findings are incorrect. In our opinion the trial court did not err in its allowance of costs. The parties stipulated for the use of testimony. Apparently, the trial court allowed the costs for the testimony used as a disbursement necessarily incurred in the procuring of evidence. Comp. Laws, 1913, § 7793.

In a dissenting opinion, it is stated that it is the duty of this court to try the case anew; yet the author of such dissent signed the opinion in Riedlinger v. Feil, 48 N. D. 908, 187 N. W. 964, where this court unanimously and specifically held that a will contest is not triable anew in this court. The dissenter departs from the record in building up an individual theory that the signature of the testator was valid, but that the contents of the will was written over the genuine signature. There is neither any issue, nor any testimony in the record in this regard. The parties do not even suggest in their briefs such matter. The dissenter states that there was neither claim nor proof that the deceased was under any special obligation to the beneficiary, or to her brother, or her mother. The record is voluminous. No attempt will be made to set forth the evidence at length. Suffice it to say that the record discloses evidence prior to, and ever since the making of the will that the Erickson family sustained very friendly relations with the deceased; that they furnished to him help and assistance. Particularly was the deceased friendly to beneficiary, ever since her childhood. In his loneliness he was comforted by them. There is evidence that the deceased felt a debt of gratitude towards the Erickson family. There is not even one letter in the record to show that his relatives had any solicitude whatever for him. As stated before three witnesses gave evidence that deceased had stated that he had made a will in behalf of the beneficiary.

There is testimony in the record that on Saturday, one or two days before they discovered his body a member of the Erickson family had visited the deceased. When found the deceased was well supplied with groceries, as well as fuel. The fallacy of the dissent is solicited by the improper assumption of the facts. The judgment is affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON, and GRACE, JJ., concur.

ROBINSON, J. (dissenting). This is an appeal from a judgment allowing a purported will in favor of Miss Erickson. The case was properly tried before the court without a jury and the duty of this court is to try the case anew. In any event, we may not wash our hands and sanction a wrong. The will is a manifest forgery. It is written over the genuine signature of the alleged testator. It is written on a thin scrap of paper about 4x6 inches. It is written by the beneficiary and witnessed by her mother and her brother, who is likewise a beneficiary, though not named as such in the will. If sustained, each witness receives several thousand dollars, a big reward for testimony which, whether true or false, was given with perfect safety. The testimony has no convincing force because of its inherent improbability and because in this age men and women have little or no fear of God or Devil. For much less than a thousand dollars men will testify to most anything when they can do it with perfect safety. In this case there are probabilities which far outweigh the oral testimony. The plaintiff had living brothers and sisters, and blood is thicker than water. A man does not give away a good property to a stranger unless he has some special reason. There is no claim or proof that the deceased was under any special obligations to either the beneficiary named in the will, the person who wrote it, or to her brother, who signed it as a witness, or to her mother. She was not his affianced wife, his common-law wife, or even his lady friend. There were no ties or obligations of love, either hallowed or unhallowed. There was not even a shade of romance, and when the poor man died within almost a stone's throw of these beneficiaries. They did not discover his remains for several days, until the cats had eaten a large part of his body.

Besides the lapse of twenty-three years from the date of the will, the change of conditions and of property values, and the inheritance of some good property from a brother, the strong presumptions are against the little scrap of paper. Assuredly no court should take the risk of sanctioning titles made up in that way and resting on such a basis.