OSCAR BACKMAN, Respondent, v. All Persons Interested in the Estate of PETER LARSON, Deceased, et al.
ANNETTA I. E. ERICKSON, Administratrix with Will Annexed of the Estate of Peter Larson, Deceased, Appellant.

(232 N. W. 300.)

Opinion filed August 1, 1930. Rehearing denied October 14, 1930.

*W. L. Smith,* for appellant.

*F. E. McCurdy* and *Joseph Coghlan,* for respondent.

Burr, J. One Peter Larson died in Burleigh county in 1919, supposedly intestate, with no known heirs and possessed of certain personal property. On the application of the state's attorney this petitioner was appointed special administrator, and on order of the court the property was sold a few weeks thereafter. Various bills for administration costs were filed and paid by him, together with charges for his own services.

After this appointment of the petitioner a will was produced. Therein the appellant was made the sole legatee, and the estate was admittedly solvent. Appellant was no relative of the deceased, and heirs in Sweden contested the probate of this will, but the decree allowing probate of the will was affirmed by this court, in December, 1922. See Erickson v. Backman, 49 N. D. 277, 191 N. W. 343. In the mean-

time the petitioner had filed his "first or annual report and accounting." When the will was probated appellant was appointed administratrix with the will annexed, and filed objections to the allowance of this annual report, demanding an accounting and the delivery of all the property belonging to the estate, employing counsel for that purpose.

On February 28, 1923 the appellant herein executed and delivered to one E. T. Burke a power of attorney as follows:

"Know all men by these presents, That Annetta I. E. Erickson of the County of Burleigh, and State of North Dakota has made, constituted and appointed Edward T. Burke of the County of Burleigh and State of North Dakota true and lawful attorney for me and in my name, place and stead, to probate the estate of Peter Larson, deceased, to handle the same in every manner from beginning to end, including the collection of all accounts due said estate, and to force settlement with and from the special administrator, and to collect from him any sums due to said estate, either peacefully or by litigation and to handle said settlement in any shape, that my said attorney shall deem necessary and expedient.

"That I grant and give unto my said attorney full authority and power to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises, as fully, and to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue thereof.

"In witness whereof I have hereunto set my hand and seal this 28th day of February, A. D. 1923.

"Annetta I. E. Erickson."

Thereupon Mr. Burke interviewed the plaintiff in order to make settlement and a report in "final accounting" was made, for the county court, on August 14, 1923 and submitted to Mr. Burke for examination. Several items were objected to by Mr. Burke and the controversy thereover settled by the following stipulation of same date:

"It is hereby stipulated by and between Oscar Backman, Special Administrator, through and by his attorney, Joseph Coghlan, and the estate of Peter Larson, deceased, through the administratrix, Annetta I. E. Erickson, by her attorney E. T. Burke, that the foregoing state-

ment of account is true and correct, and that the same may be audited and allowed by the county judge without further notice to either party or any other party interested, and that said Oscar Backman, as special administrator, pay the balance due to *E. T. Burke, attorney for Annetta I. E. Erickson, administratrix,* taking a receipt from said E. T. Burke therefor, and that thereafter said Oscar Backman, special administrator, may be, without further notice, discharged and released of all duties, and his bondsmen are thereupon and hereby released from all obligations upon the bond.

"Dated this 14th day of August, 1923, Bismarck, N. Dak."

Thereupon the petitioner paid to Mr. Burke the sum of $643.77 in full settlement.

Petitioner left the report and stipulation with Mr. Burke for filing in the county court, and apparently deemed the matter settled. Nothing further was done by either party until in 1927 an action was brought against this petitioner by the administratrix for the recovery of a large sum.

After service of the summons and complaint in the action brought by the administratrix petitioner filed in the county court a final report showing what he claimed to be the amount received by him, the distribution of the proceeds, including the check paid to Mr. Burke and a balance of $142.87 due him. The county judge disallowed several of the items of expenditure charged by the petitioner and found the petitioner indebted to the estate in the sum of $432.63.

Petitioner appealed to the district court. Respondent insisted the matter was triable to a jury and accordingly a jury was impanelled. The jury found for petitioner and an order for judgment was made June 26, 1929. Judgment was entered on the same day, dismissing the action brought by the special administratrix and giving the petitioner judgment for costs.

Before the entry of judgment however, and on June 24, 1929, the respondent filed with the court a motion for a new trial. This motion was not served upon the petitioner until November 18, 1929.

The court denied the motion for a new trial and the administratrix appeals.

The petitioner claims the motion for a new trial was made too late. There is nothing in the record showing when notice of entry of judg-

ment was served, consequently we cannot tell whether the motion was made after the expiration of the time allowed in which such motion can be made.

There are 22 specifications of error, many of them repetitious. Three of the specifications deal with the admission of exhibits, six deal with rulings on the admission of evidence, one blanket specification is. directed against the attitude of the court during the trial, seven deal with instructions to the jury, and the others deal generally with lack of evidence to support the verdict.

. Objection was made to the introduction of some 16 exhibits which include a ledger sheet, receipts, checks, a bill of expenses and the power of attorney. With reference to these exhibits, with the exception of the power of attorney, the objections are simply they were incompetent, irrelevant and immaterial without any attempt to show wherein. In many cases the exhibits were simply checks or receipts for bills paid.

. The respondent, at the outset of the trial admitted on the record that various items, aggregating $766.22 had been paid and that she made no objection thereto. In addition she consented to items of receipts aggregating $2218.96. Because of this she claims it was needless to introduce receipts and checks and that the result was prejudicial to her. However she had denied these in her objection, and the jury knew the whole report was in issue. There was no error in admitting these exhibits; in fact they may have been helpful to this jury because of the numerous items.

Copies of the stipulation and of the "final accounting" made by the petitioner and submitted to Mr. Burke, were attached to and made a part of his deposition. After the reading of the deposition all of the exhibits attached were offered specifically and no objection whatsoever made. The court remarked: "In the first place, this is not signed; and more than that, you can't stipulate an account that is subject to the approval of the county court." Other than this there is no questioning of the exhibits.

The objection to the power of attorney—that it was incompetent and immaterial—is not well taken. It is not disputed that this power of attorney was given. It was acknowledged by the respondent before her present counsel as notary public. It is not claimed it was obtained by fraud or that the respondent did not know its terms. She says she

·signed it and it was explained to her that Mr. Burke could not collect the money without it. She says she left everything to her attorney to do. It is not disputed but that Mr. Burke acted under this power of attorney and the petitioner paid him, for the respondent the sum of $643.77. The power of attorney was offered in evidence later and independent of the deposition, and received. It was material for it was necessary for the petitioner to prove these facts in order to get credit for the amount paid. The payment to Mr. Burke was payment to the respondent.

During the trial of the case there seems to have been some irritation between counsel for the respondent and the court in regard to the method employed by counsel in the trial of the case. The court frequently examined the witnesses himself, and overruled many objections made by the counsel. When the counsel was objecting to all of the items he was told by the court he would have to limit his objection to items that he disputed. It seems the counsel was insistent that the petitioner should not be permitted to show any items of expense incurred by him "in connection with the will." The court ruled the petitioner had a right to present proof on any and all items of expense which he claimed; evidently on the theory that if he had no right to claim that item of expense the matter would be ruled upon when presented and proper instruction given to the jury. We have gone over all of the testimony and we see no error in the action of the court.

The main objection of the respondent is summarized by herself in what she terms "the ultimate facts." The objection was mainly to the amount of expense, and respondent says: "No unusual services were required in procuring, caring for or disposing of the personal property." She makes the specific claim that the amount paid to Mr. Burke had not been received by her, but the proof shows Mr. Burke defended the will contest proceeding and part of the proceedings in the administration of the estate, that this sum paid is all he received and that she owes him money yet.

In the charge to the jury the court adopted an attitude very favorable to the respondent. In the instructions the court charged the jury that the burden of proof was upon the petitioner to show that the items which he charged "were necessary, just and reasonable for the proper administration of his duties—the burden of proof is upon the

petitioner, Oscar Backman, to render a just, fair and reasonable account and if you believe from the evidence that any of the items submitted were unjust and unreasonable and were unnecessarily expended then in that event your verdict would be for the respondent Annetta I. E. Erickson, in such an amount as you find that such item or items were excessive." Several times this is presented to the jury. It is the gist of the charge. It ignored entirely the claim of the petitioner that the respondent had given the power of attorney to Mr. Burke, that Mr. Burke had examined the records and reports of the petitioner and on behalf of the respondent had entered into the stipulation set forth, and that, therefore, because the petitioner was the sole legatee and the estate solvent, she was bound by the settlement made with Mr. Burke.

The jury found the items of expense charged by petitioner to be fair, just and necessary and that he owed the administratrix and the estate nothing. It is true that at three different times the petitioner prepared reports. These vary somewhat in items. This is explainable by the fact that they were given at different dates. There were accrued interest payments made, and costs incurred, and the last report was made years after the supposed settlement when the petitioner had lost some of his records, having supposed the matter was settled. In his first report he shows an amount due to the estate for $1359.50 after crediting himself with every item claimed, and in the last report shows $142.87 due him. The respondent was not satisfied with this last report and demanded that the petitioner prove the claim. According to the verdict of the jury, he proved not only all the items of credit he claimed, but also that in fact he did not owe the estate anything, nor the estate owe him. There is ample evidence to sustain the verdict and the judgment is affirmed, with cost to petitioner.

BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur.